671 P.2d 1105

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Daniel Lewis FOWLER,
Defendant-Appellant.**

No. 14533.

Court of Appeals of Idaho.

Oct. 25, 1983.

Owen L. Knowlton, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Following a preliminary hearing, Daniel Fowler entered a plea of guilty to first degree burglary. He was sentenced to a

fixed term of fifteen years in the custody of the State Board of Correction. On appeal, he raises four issues. First, he contends the state should not have been allowed to amend the charges against him, during the preliminary hearing, by adding the charge to which he ultimately pled guilty. Second, he argues the district court erred in denying a motion, made before the plea, to suppress as evidence certain statements made by him to the police after his arrest. Third, he claims he was denied a proper presentence investigation because it included no psychiatric or psychological report concerning his mental condition at the time of sentencing. Finally, he contends that his sentence was excessive, amounting to an abuse of discretion by the district court. We hold that no reversible error occurred, and affirm.

Fowler was arrested for the burglary of an electronics business. Following his arrest, and after having been advised of his rights, Fowler made statements to the police which implicated him in the burglary of a second business, a restaurant. However, he was not charged with the restaurant burglary at that time.

Later, during his preliminary hearing involving the burglary of the electronics business and after evidence was introduced concerning the restaurant burglary, the prosecutor was granted leave by the presiding magistrate to amend the state's complaint to charge Fowler with the burglary of the restaurant. At the conclusion of the preliminary hearing Fowler was bound over to district court for trial on both charges. In district court, Fowler moved to suppress the statements he had made to the police. The motion was denied. He thereafter pled guilty to the restaurant burglary, in exchange for a dismissal of the charge concerning the electronics business and the agreement of the prosecutor not to file an assault charge arising from an incident while Fowler was in jail.

Fowler argues that the magistrate committed prejudicial error in letting the state amend the complaint against him—to include the restaurant burglary charge—during the course of the preliminary hearing. However, we hold that Fowler's plea of guilty to that new charge waived his right to contest the preliminary hearing procedure. The purpose of a preliminary hearing is to determine whether there is probable cause to require the accused to stand trial. It is well settled that a valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. *State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983), *citing State v. Tipton,* 99 Idaho 670, 673, 587 P.2d 305, 308 (1978) *and Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). Here Fowler does not attack the entry and acceptance of his plea. His plea of guilty to the restaurant burglary therefore constituted a waiver of the procedure to determine probable cause, just as if he had waived the preliminary hearing itself, on that charge.

Likewise, Fowler's plea waived any challenge to the order denying his motion to suppress statements made to the police following his arrest. Once his plea was accepted, the admissibility of his statements became irrelevant. This issue affords no basis to disturb the judgment of conviction. *State v. Mallery,* 105 Idaho 352, 670 P.2d 57 (Ct.App., 1983).

Fowler next submits that he was denied a proper presentence investigation because no current psychological examination had been made or reported.[1] Under I.C.R. 32(b)(10), a psychological examination is not required in a presentence investigation; however, it can be recommended, "where appropriate." At his sentencing hearing, Fowler did not raise any issue concerning the absence of such an examination or report. Under these circumstances, the issue will not be reviewed where it is raised,

1. We note that a psychological report which had been prepared several months earlier, while Fowler was incarcerated in a Washington State reformatory, was submitted with his presentence report in this case.

for the first time, on appeal. *Holmes v. State,* 104 Idaho 312, 658 P.2d 983 (Ct.App. 1983); *State v. Bylama,* 103 Idaho 472, 649 P.2d 1228 (Ct.App.1982).

Finally, Fowler asks that we review his sentence. The fixed term of fifteen years does not allow parole. *See* I.C. § 19–2513A; *State v. Rawson,* 100 Idaho 308, 597 P.2d 31 (1979). Fowler claims this is excessive and an abuse of sentencing discretion.

▪ The fifteen-year term represents the maximum term of confinement authorized by statute for first degree burglary. I.C. § 18–1403. A sentence within statutory limits represents a "clear abuse of discretion" only if it is shown to be unreasonable upon the facts. *E.g., State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). In *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982), we held that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

The record shows that Fowler, age twenty-five at the time of his sentencing, had been incarcerated in reformatories or penal institutions for all but fifteen days during the prior eight years. During each of the times he was released from confinement, he was on parole; and each time, within days after his release, he committed violations of his parole and was returned to custody. He had last been paroled from the State of Washington only three days before he was arrested in Idaho on the burglary charge and he had left Washington without permission from his parole officer. His presentence report discloses that he is a violent and dangerous individual who is incapable of adjusting to society. By his own admission Fowler obtained a loaded pistol during the break-in at the electronics business. He also admitted that he had cocked and aimed the pistol at one of the officers investigating the restaurant burglary, who was unaware that Fowler was still in the building.

His presentence report also indicates inability to adjust to custodial confinement.

After hearing testimony concerning disposition of Fowler's case and having reviewed the presentence report, the district court discussed the various alternatives and criteria to be considered in arriving at a sentence. The court determined that retribution, deterrence, and rehabilitation were not feasible considerations in light of Fowler's conduct and prior record. The court determined that protection of society required imposition of the maximum penalty of fifteen years without parole. The court acknowledged that Fowler could receive "good time" reduction of his sentence at the rate of ten days per month. *See* I.C. § 20–101A.

▪ We agree that, under the circumstances, a fixed sentence of fifteen years is reasonably necessary to accomplish the primary sentencing goal of protection of society from Fowler's conduct. We hold that the district court did not abuse its discretion.

The judgment of conviction and sentence are affirmed.

SWANSTROM and BURNETT, JJ., concur.