EISMANN, Justice.
This is an appeal from a conviction for the crime of sexual abuse of a child under sixteen years of age charged in an amended indictment. Because that crime had not been submitted to the grand jury and was not an included offense of the crime of lewd conduct charged in the original indictment, the district court did not have subject matter jurisdiction. We therefore vacate the judgment and remand this case with instructions to dismiss the case without prejudice.
I.
Factual Background
Flegel was indicted by a grand jury for the crime of lewd conduct with a child under sixteen years of age (Lewd Conduct) in violation of Idaho Code section 18-1508. Flegel pled not guilty and was tried by a jury. The district court instructed the jury regarding the crime of Lewd Conduct and, as an included offense, the crime of sexual abuse of a child under sixteen years of age (Sexual Abuse). The Lewd Conduct charge was based upon the allegation that Flegel touched the child’s vagina, and the Sexual Abuse charge was based upon evidence that he also touched her buttocks. The jury found Flegel not guilty of Lewd Conduct, but could not reach a verdict on the Sexual Abuse charge.
Without resubmitting the matter to a grand jury, the State filed an amended indictment charging Flegel with the crime of Sexual Abuse. Flegel was tried by a jury on that charge and found guilty. He then appealed.
The appeal was initially heard by the Idaho Court of Appeals. It held that the indictment was properly amended because evidence admitted during Flegel’s first trial supported the included offense of Sexual Abuse; that the district court did not err in admitting a recorded interview of Flegel during which a detective stated that he found the complaining witness credible; and that the district court erred in failing to tailor the jury instruction on Sexual Abuse to eliminate the risk that the jury in the second trial would find Flegel guilty of conduct for which he was acquitted in the first trial. Because it concluded that such error was not harmless, the Court of Appeals vacated the judgment and remanded the case for a new trial.
The State filed a petition for review, which we granted. In cases that come before this Court on a petition for review of a Court of Appeals opinion, we hear the appeal de novo, directly reviewing the decision of the lower court. Head v. State, 137 Idaho 1, 2, 43 P.3d 760, 761 (2002).
II.
The District Court Lacked Subject Matter Jurisdiction over the Charge of Sexual Abuse
Because Sexual Abuse is not a lesser included offense of Lewd Conduct, Flegel could only be validly charged by indictment with that crime if the matter was resubmitted to a grand jury and it returned the amended indictment. The prosecuting attorney had no authority to issue an amended indictment for a crime that was not charged in the original indictment and that was not an included offense of that crime. Therefore, Flegel’s conviction is void, the judgment must be vacated, and this case must be dismissed.
Article I, section 8, of the Idaho Constitution provides, “No person shall be held to answer for any felony ... unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate____” Because a felony can only be prosecuted by an indictment found by a grand jury or by an information based upon the commitment of a magistrate (following a preliminary hearing or its waiver), Idaho Code section 19-1420 provides, “An information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer.” To allow a prosecutor to amend an indictment to charge an offense other than that for which the defendant was *527 held to answer would permit the prosecutor to, in essence, become the grand jury.
The State can amend an indictment to allege a lesser offense that is included in the offense charged. “The indictment is, for legal purposes, sufficient notice to the defendant that he may be called to defend the lesser included charge.” State v. Padilla, 101 Idaho 713, 717, 620 P.2d 286, 290 (1980) (quoting Walker v. United States, 418 F.2d 1116, 1119 (D.C.Cir.1969)). “The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which this Court exercises free review.” State v. Rosencrantz, 130 Idaho 666, 668, 946 P.2d 628, 630 (1997).
“There are two theories under which a particular offense may be determined to be a lesser included offense of a charged offense.” State v. Curtis, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997). One theory is referred to as the “statutory theory.” Id. “Under this theory, one offense is not considered a lesser included of another unless it is necessarily so under the statutory definition of the crime.” State v. Thompson, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980). We apply the Blockburger test, which originated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether an offense is a lesser included offense under the statutory theory. Sivak v. State, 112 Idaho 197, 211 n. 8, 731 P.2d 192, 206 n. 8 (1986). “An offense will be deemed to be a lesser included offense of another, greater offense, if all the elements required to sustain a conviction of the lesser included offense are included within the elements needed to sustain a conviction of the greater offense.” State v. McCormick, 100 Idaho 111, 114, 594 P.2d 149, 152 (1979). Sexual abuse of a child under sixteen is not a lesser included offense of Lewd Conduct under the statutory theory.
Before examining the statutes defining the two crimes, it would be helpful to review their history. On July 20, 1983, federal district judge Ray McNichols issued his opinion in Schwartzmiller v. Gardner, 567 F.Supp. 1371 (1983), in which he held unconstitutionally vague the wording of Idaho Code § 18-6607, the former lewd conduct statute. He stated:
The statute’s downfall is its absolute failure to list any of the acts which will subject one to its punishment. Rather, it vaguely hints of sexual overtones and the terms “lewd” and “lascivious” simply lack such well accepted, commonly understood definitions to give “sufficient warning that men may conduct themselves so as to avoid that which is forbidden”. Rose v. Locke, 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). Neither is this a case where the offending language is rendered more explicit because it is combined with some other more precisely defined word. The Court thus concludes that the plain language of § 18-6607 is insufficiently definite to inform persons of ordinary intelligence what is outlawed and to provide law officers, judges, and juries legally fixed standards to guide enforcement.
Because on its face § 18-6607 cannot pass constitutional muster, the court turns to any limiting construction given the statute by the Idaho Supreme Court.....
567 F.Supp. at 1376 (emphasis added).
The court suggested that the Idaho legislature amend the lewd conduct statute to identify the specific conduct intended to be prohibited. The court wrote as follows:
As a footnote, the Court adds that many “forward-looking jurisdictions have expressly rejected the antiquated notion that the penal code should not clearly define such acts.” Balthazar v. Supreme Court [Superior Court], 573 F.2d 698, 701 (1st Cir.1978). The phrase “such acts” obviously refers to the specific conduct the legislature seeks to prohibit. In the future, convictions under § 18-6607 can be constitutionally obtained only against defendants who engage in conduct to which the Idaho Supreme Court has already applied the statute, or which the same Court has specifically said is lewd and lascivious. Because that is the limit of its present scope, the Idaho Legislature may decide to rewrite § 18-6607 so that it complies with constitutional mínimums of due process; if so the Court refers that body to 18 U.S.C. § 2253 (1978) as a guide:
*528 (2) “sexually explicit conduct” actual or simulated—
(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
(B) bestiality;
(C) masturbation;
(D) sado-masochistic abuse (for the purpose of sexual stimulation); or
(E) lewd exhibition of the genitals or pubic area of any person;
Congress passed that statute and accompanying definitions to enable the District of Columbia to curb sexual exploitation of children. The language used could not irritate the moi’al sensibilities of anyone and it complies with all notions of due process by providing fair notice and sufficient legal guidelines for law enforcement. But that is a determination the legislature must make.
567 F.Supp. at 1379 (emphasis added).
The Idaho legislature apparently took Judge McNichols’s suggestion, and in 1984 it amended both Idaho Code § 18-1506, the sexual abuse statute, and former Idaho Code § 18-6607. The amendment to section 18-1506 was as follows:
18-1506. SEXUAL ABUSE OF A CHILD UNDER THE AGE OF SIXTEEN YEARS. (1) Any person eighteen (18) years of age or older who shall solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or who shall cause or have sexual contact with such a child, not amounting to lewd conduct as defined by section 18-66071505, Idaho Code, with the intent to gratify the sexual desire of either party or a third party shall be guilty of a felony.
Ch. 63, § 1, 1984 Idaho Sess. Laws 112, 112.
The legislature also amended former section 18-6607 to change it to 18-1508 and to include specifically defined conduct that constitutes lewd conduct. The amendment was as follows:
18-66071505. LEWD CONDUCT WITH MINOR OR CHILD UNDER SIXTEEN. Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve a minor or child in any act of bestiality or sado-masochistic abuse or lewd exhibition as any of such acts are defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.
Ch. 63, § 2, 1984 Idaho Sess. Laws 112, 112— 13.
Thus, when the legislature amended Idaho Code section 18-6607 to specifically list the conduct that constitutes Lewd Conduct and redesignated that statute as section 18-1508, it also amended section 18-1506 to specifically provide that sexual abuse of a child under the age of sixteen years requires sexual contact with the child “not amounting to lewd conduct as defined by section 18-1508, Idaho Code.”
As amended, the lewd conduct statute criminalized certain conduct, “including but not limited to” specifically defined bodily contact. In State v. Kavajecz, 139 Idaho 482, 80 P.3d 1083 (2003), we addressed whether touching or kissing the chest of a prepubescent girl constituted lewd conduct. This Court held that it did not because the type of conduct included in the phrase “including but not limited to” must be the conduct of a like or similar class or character to the types of conduct specifically listed. Id. at 486-87, 80 P.3d at 1087-88. Thus, the words “including but not limited to” cannot be construed to include conduct that constitutes Sexual Abuse because conduct constituting that crime must, by definition, be conduct “not amounting to lewd conduct as defined by *529 section 18-1508, Idaho Code.” I.C. § 18-1506(l)(b).
The crime of Lewd Conduct is defined by Idaho Code section 18-1508 as follows:
Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sadomasochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.
As of June 20, 2004, the date of the offense alleged in this case, the crime of sexual abuse of a child under the age of sixteen was defined by the relevant portion of Idaho Code section 18-1506 as follows:
(1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:
(a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or
(b) cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code; or
Ch. 145, § 1,1992 Idaho Sess. Laws 438, 439.
Sexual abuse of a child under the age of sixteen could not be a lesser included offense of Lewd Conduct under the statutory theory because it was possible to commit Lewd Conduct without committing Sexual Abuse. “Each of these crimes requires proof of separate essential elements not required of the other and the conviction of one will not bar conviction of the other.” State v. McCormick, 100 Idaho 111, 115, 594 P.2d 149, 153 (1979). By statutory definition, the conduct constituting Sexual Abuse was “sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code.” In addition, Sexual Abuse must be committed by someone over the age of eighteen years, while the statute defining Lewd Conduct does not contain that age limitation. Thus, in State v. Fodge, 121 Idaho 192, 824 P.2d 123 (1992), a defendant convicted of Lewd Conduct appealed, contending that the trial court erred in not instructing the jury as to the offense of Sexual Abuse on the ground that it was a lesser included offense. This Court rejected that contention, stating:
At trial, the only evidence of contact between the victim and the appellant went to anal-genital and oral-genital contacts. There was no testimony regarding any other type of touching. The statute pursuant to which the appellant was convicted and the jury instructed, I.C. § 18-1508, specifically includes “oral-genital contact” and “anal-genital contact” as lewd and lascivious acts. Therefore, since the only testimony at trial went to these specific contacts, and because I.C. § 18-1508 specifically lists these contacts as lewd and lascivious acts, the trial court was correct in ruling that the evidence did not support the proposed instructions.
Id. at 195, 824 P.2d at 126 (footnote omitted). If all of the statutory elements of Sexual Abuse were included in the statutory elements of Lewd Conduct, then the lesser included instruction for that charge would have been required.
The other theory is called the “pleading theory.” Curtis, 130 Idaho at 524, 944 P.2d at 121. “This theory holds ‘that an offense is an included offense if it is alleged in the information [or indictment] as a means or element of the commission of the higher offense.’ ” Sivak v. State, 112 Idaho 197, 211, 731 P.2d 192, 206 (1986) (quoting State v. Anderson, 82 Idaho 293, 301, 352 P.2d 972, 977 (I960)). Sexual abuse of a child under sixteen was not the means by which Flegel was alleged to have committed the crime of Lewd Conduct.
*530 The original indictment charged Flegel with Lewd Conduct as follows:
That the defendant, CHRISTOPHER DAVID FLEGEL, on or about the 20th day of June, 2004, in the County of Ada, State of Idaho, did willfully and unlawfully commit a lewd and lascivious act upon the body of a minor, [name], under the age of sixteen years, to-wit: of the age of ten (10) years (DOB: 03/31/94), by having manual to genital contact with [name], with the intent to gratify the sexual desire of the Defendant.
The only conduct alleged is “manual to genital contact,” which cannot constitute sexual abuse of a child under sixteen. Fodge, 121 Idaho at 195, 824 P.2d at 126; I.C. § 18-1506(l)(b); I.C. § 18-1508. Indeed, the amended indictment had to change the allegation regarding the charged conduct in order to allege a violation of Idaho Code section 18-1506(l)(b). It alleged as follows:
That the defendant, CHRISTOPHER DAVID FLEGEL, over the age of eighteen (18) on or about June 20, 2004, in the County of Ada, State of Idaho, did have sexual contact with [name], under the age of sixteen years to-wit: age 10 (DOB 03/31/1994), with the intent to appeal to the sexual desire of the Defendant and/or said minor child.
The State changed the allegation of “manual to genital contact” to “sexual contact.” Therefore, in this ease it was not alleged that Flegel committed the crime of Sexual Abuse as the means of committing Lewd Conduct.
In State v. O’Neill, 118 Idaho 244, 796 P.2d 121 (1990), the Court permitted an information to be amended from Lewd Conduct in violation of Idaho Code section 18-1508 to Sexual Abuse of a child under sixteen in violation of Idaho Code section 18-1506 without requiring that the defendant have the opportunity for a preliminary hearing on the new charge. In doing so, the Court stated, “The acts comprising a violation of I.C. § 18-1506 as set forth and alleged in the Amended Information are the same acts with which O’Neill was charged in the original Complaint and original Information alleging violation of I.C. § 18-1508.” Id. at 249, 796 P.2d at 126. In the instant case, however, the acts alleged in the original indictment were not the same as those alleged in the amended indictment.
During Flegel’s first trial, the jury heard an audio recording of his interview by a detective during which Flegel admitted to intentionally touching the girl’s buttocks under her underwear. However, it is of no consequence that there was evidence admitted during the trial that would support a charge of Sexual Abuse. The prosecutor had no authority to file an amended indictment charging a crime that was not an included offense under the original indictment, under either the statutory theory or the pleading theory. It is the grand jury, not the court or the prosecutor, that must decide whether there is probable cause to believe that Flegel committed the crime of Sexual Abuse. Because the amended indictment charged a different crime than the crime charged in the original indictment, the amended indictment is a nullity. Idaho Code section 19-1401 provides, “An indictment cannot be found without the concurrence of at least twelve (12) grand jurors.” No grand jurors concurred in the amended indictment.
The issue in this ease is whether a violation of section 18-1506(l)(b) was an included offense of the indictment charging a violation of section 18-1508 under either the statutory or pleading theory, precluding the need for a “presentment or indictment of a grand jury or ... a commitment by a magistrate” as required by article I, section 8, of the Idaho Constitution. We hold that it was not. Those familiar with criminal procedure know that when there is evidence indicating that a defendant committed more than one offense during a course of conduct, the prosecuting attorney can seek an indictment charging each of those crimes as separate counts.[1] *531 The prosecuting attorney in this case is presumed to have known the law, and he could have elected to seek an indictment for both Lewd Conduct and Sexual Abuse, but he chose not to do so. Had he done so, Flegel could have been retried on the Sexual Abuse charge.
In State v. Lute, 150 Idaho 837, 252 P.3d 1255 (2011), we held that where the grand jury had no authority to issue an indictment because its term had expired, “a valid indictment was never entered against Lute, [and] the district court never had subject matter jurisdiction over Lute’s case under Article I, section 8 of the Idaho Constitution.” Id. at 841, 252 P.3d at 1259. The same rationale applies here. Not having been issued by a grand jury, the amended indictment was invalid, the district court never had subject matter jurisdiction over Flegel’s case regarding the charge of Sexual Abuse, and this case must therefore be dismissed.
III.
Conclusion
We vacate the judgment and remand this case to the district court with instructions to dismiss this ease without prejudice.
Chief Justice BURDICK and Justice HORTON concur.

. Prior to March 19, 1963, the prosecuting attorney would have to have sought a separate indictment for each offense. Former Idaho Code section 19-1413 provided:
19-1413. Single offense to be charged.— The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of *531 different means, the means may be alleged in the alternative in the same count.
See I.C. § 19-1413 (1948). Effective March 19, 1963, section 19-1413 was repealed. Ch. 159, §§ 1 & 2, 1963 Idaho Sess. Laws 463, 463. Therefore, Idaho Criminal Rule 6.6(b) provides, "There may be two or more separate charges in a grand jury indictment, but each shall be voted upon separately by the grand jury.”