# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43140

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ARTHUR GENE SCHMIERER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2016 Term

2016 Opinion No. 15

Filed: February 26, 2016

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

The district court's order denying the Rule 35 motion is affirmed.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. John C. McKinney argued.

_____

J. JONES, Chief Justice

Appellant, Arthur Schmierer, filed a motion under Idaho Criminal Rule 35 to correct an illegal sentence. In the underlying action, Schmierer had pled guilty to an amended superseding indictment that charged him with two counts of enticing children over the internet. Schmierer contends that the prosecutor improperly amended the indictment without resubmitting the matter to the grand jury, thereby depriving the district court of subject matter jurisdiction to convict him on the second enticement count. The district court denied Schmierer's motion, concluding that Schmierer had waived any deficiencies in the charging document when he pled guilty. Schmierer appealed. The Idaho Court of Appeals reversed the district court's order and vacated Schmierer's conviction on the second enticement count. This Court granted the State's petition for review.

## I.
## FACTUAL AND PROCEDURAL HISTORY

In January 2009, over the course of three days, Schmierer engaged in sexually explicit

1

conversations online with an individual who he believed was a thirteen-year-old girl, but was actually a detective. Schmierer made plans to meet with the individual to engage in sexual contact and was arrested when he arrived at the designated meeting place. The above facts were presented to a grand jury, which issued a Superseding Indictment on January 21, 2009.[1] The Superseding Indictment charged Schmierer with one count of enticing children over the internet under Idaho Code section 18-1509A (Count I) and one count of attempted lewd conduct with a minor under the age of sixteen under Idaho Code sections 18-306 and 18-1508 (Count II).

Based on plea negotiations with Schmierer, the State filed an Amended Superseding Indictment on May 8, 2009. This indictment charged Schmierer with the same enticement charge in Count I, but changed Count II from attempted lewd conduct to a second enticement charge. The new enticement charge was based on sexually explicit conversations Schmierer had online between November 2008 and January 2009 with another individual Schmierer believed to be a thirteen-year-old girl but who was actually a detective based in Utah. The State did not resubmit the matter to the grand jury to amend the indictment, and the amended indictment was signed by the prosecutor rather than the foreman of the grand jury.

The same day the Amended Superseding Indictment was filed, Schmierer pled guilty to both enticement counts. Schmierer agreed to waive any possible deficiencies in the charging document. As part of the agreement, the United States Attorney's Office agreed to refrain from bringing federal charges against Schmierer for his actions. The parties agreed to recommend that the appropriate sentence on each count be five years fixed, with open recommendations on the indeterminate sentence, and for the sentences for each count to run consecutively. The district court accepted the plea agreement and, on May 18, 2009, sentenced Schmierer to five years fixed and five years indeterminate on each count, to be served consecutively. Schmierer is currently incarcerated, serving time for these convictions.

In June 2012, Schmierer filed a motion under Idaho Criminal Rule 35 to correct an illegal sentence. Schmierer contended that his conviction on Count II of the Amended Superseding Indictment should be overturned because the prosecutor improperly amended the indictment without resubmitting the matter to the grand jury and, therefore, the district court lacked jurisdiction to convict him on that count. The district court denied Schmierer's motion, concluding that Schmierer had waived any defects in the charging document and, therefore,

---

[1] The indictment superseded a criminal complaint filed on January 12, 2009.

cannot now claim that his sentence on the Amended Superseding Indictment was illegal. Schmierer appealed. The Idaho Court of Appeals reversed the district court's order and vacated the conviction and sentence on Count II. The State filed a petition for review, which this Court granted.

## II.
## ISSUE ON APPEAL

Whether the district court erred in denying Schmierer's motion to correct an illegal sentence.

## III.
## STANDARD OF REVIEW

> When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court. Idaho Criminal Rule 35 allows a trial court to correct an illegal sentence at any time. As a general matter, it is a question of law as to whether a sentence is illegal or was imposed in an illegal fashion, and this Court exercises free review over questions of law. Jurisdiction is likewise a question of law and is reviewed *de novo*.

*State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011) (citations omitted).

## IV.
## ANALYSIS

"Article I, section 8 of the Idaho Constitution states that '[n]o person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor[.]'" *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). "Since the indictment or information provides subject matter jurisdiction to the court, the court's jurisdictional power depends on the charging document being legally sufficient to survive challenge." *Id* at 758, 101 P.3d at 702. "To be legally sufficient, a charging document must meet two requirements: it must impart jurisdiction and satisfy due process." *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2008).

"The court may permit a complaint, an information or indictment to be amended at any time before the prosecution rests if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." I.C.R. 7(e); *see also* I.C. § 19-1420. However, "[a]n information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer." I.C. § 19-1420. This Court has previously held that an indictment can be amended "to allege a lesser offense that is included in the offense charged." *State v. Flegel*, 151 Idaho 525, 527, 261 P.3d 519, 521 (2011). Contrastingly, an indictment may

not be amended to allege a different and distinct offense. *State v. O'Neill*, 118 Idaho 244, 249, 796 P.2d 121, 126 (1990).

Schmierer contends that the Amended Superseding Indictment did not impart jurisdiction over the second enticement charge because it was a distinct crime from the attempted lewd conduct charge in Count II of the Superseding Indictment and the prosecutor did not resubmit the matter to the grand jury to issue a new indictment. It is no surprise that Schmierer couches his argument as a jurisdictional challenge, as this argument was not raised until Schmierer's Rule 35 motion. This Court has previously found that an objection that an indictment did not confer jurisdiction may be raised for the first time in a motion to correct an illegal sentence. *Lute*, 150 Idaho at 840, 252 P.3d at 1258. Additionally, "[i]t is well settled that a valid plea of guilty, voluntarily and understandingly given, waives all *non-jurisdictional* defects and defenses." *State v. Fowler*, 105 Idaho 642, 643, 671 P.2d 1105, 1106 (Ct. App. 1983) (emphasis added). Schmierer, therefore, also contends that the fact that he pled guilty to the Amended Superseding Indictment should not affect the Court's analysis because subject matter jurisdiction can never be waived.

The parties agree that the prosecutor amended the Superseding Indictment to change the lewd conduct charge in Count II to a second enticement charge without resubmitting the matter to the grand jury and that the Amended Superseding Indictment was signed by the prosecutor, not the foreman of the grand jury. It is undisputed that the enticement charge in Count II was a different and distinct crime from the lewd conduct charge in the Superseding Indictment. It is also undisputed that Schmierer pled guilty to the two enticement charges in the Amended Superseding Indictment and, in exchange, was not subjected to federal charges for his actions.

While not raised by either party, we find it necessary to observe that the prosecutor could have charged Schmierer with enticement by either indictment or information. Idaho Criminal Rule 7(a) provides that "[a]ll felony offenses shall be prosecuted by indictment or information." In Idaho, an information is required to describe the crime charged with the same fullness as an indictment. I.C. § 19-1303. Additionally, the provisions of the Idaho Code governing indictments apply equally to informations. I.C. § 19-1304. However, "[a]n indictment cannot be found without the concurrence of at least twelve (12) grand jurors. When so found it must be endorsed, a true bill, and the endorsement must be signed by the foreman of the grand jury." I.C. § 19-1401. Contrastingly, an information must be endorsed by the prosecutor and cannot be filed

"against any person for any offense until such person shall have had a preliminary examination . . . *unless such person shall waive his right to such examination.*" I.C. §§ 19-1302, 19-1308 (emphasis added).

Schmierer argues that the charging document in this case was a jurisdictionally defective indictment because it was not issued by the grand jury or endorsed by the foreman of the grand jury. However, after examining the circumstances of this case, the Court is left with the abiding belief that the charging document issued was in substance an information mislabeled as an indictment.

Had the "Amended Superseding Indictment" been labeled "Information," there would be no question that it conferred jurisdiction over the second enticement charge. The charging document was signed by the prosecutor. Although the charging document was issued without a preliminary examination, a defendant waives his right to a preliminary examination by pleading guilty without objection. *Brown v. State*, 159 Idaho 496, 497 n.2, 363 P.3d 337, 338 n.2 (2015) ("By pleading guilty without making an objection to the lack of a commitment by a magistrate regarding the offense alleged in the information, Mr. Brown would have waived his right to a preliminary examination."). Here, Schmierer pled guilty to both enticement charges without objection.

The fact that the charging document was entitled "true bill" rather than "information" is best categorized as a defect in form. Idaho Code section 19-1419 provides that "[n]o indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits." This provision applies equally to informations. *See* I.C. § 19-1304; *State v. McKeehan*, 91 Idaho 808, 818, 430 P.2d 886, 896 (1967). There is no evidence on the record supporting a finding that Schmierer was prejudiced by the mislabeling of the charging document. Schmierer does not allege that the description of the enticement charge was inadequate or that Schmierer was unaware of the factual basis that formed the basis of the charge. Schmierer knowingly and voluntarily pled guilty to both enticement charges, and in return no federal charges were brought against him.

Where the charging document meets the substantive requirements for an information, but is labeled an indictment, we hold that it may be treated as an information. Here, the prosecutor could have charged Schmierer with enticement by either information or indictment. The labeling

5

of the document as an indictment is a mere defect of form and does not deprive the court of jurisdiction over the charges unless it would tend to prejudice a substantial right of the defendant. Here, we find that Schmierer was not prejudiced by the mislabeling of the charging document and, therefore, we hold that the district court had jurisdiction to convict Schmierer of the second enticement count.[2]

## V.
## CONCLUSION

We affirm the order of the district court denying Schmierer's Rule 35 motion to correct an illegal sentence.

Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.

---

[2] Other cases where we have held a charging document to be jurisdictionally deficient are distinguishable from the present case. In *State v. Flegel*, the defendant had been acquitted of the only charge in the indictment when the prosecutor purportedly amended the indictment to charge him with a crime that we determined was not a lesser included offense. 151 Idaho 525, 261 P.3d 519 (2011). There, we held that the amended indictment did not confer subject matter jurisdiction over the new charge because it had not been issued by a grand jury. *Id.* at 531, 261 P.3d at 525. However, in *Flegel*, the defendant did not consent to the new charge or plead guilty. In that case, regardless of whether the charging document was categorized as an indictment or information, it would not be sufficient because no preliminary examination had been held and it was not issued by a grand jury. In *State v. Lute*, we held that an indictment did not confer jurisdiction where it was issued after the term of the grand jury expired. 150 Idaho 837, 841, 252 P.3d 1255, 1259 (2011). Although the defendant had pled guilty in *Lute*, we found that the plea was not effective because "there was no 'defective' indictment in this case, rather there was no indictment" because "the group of citizens that issued the purported indictment was not a grand jury." *Id.* However, unlike the present case, there is no indication in *Lute* that the operative charging document substantively met the requirements of an information and could have been classified as such, as it did not charge a crime under Idaho law. *Id.* at 840, 252 P.3d at 1258 (citing *State v. Kavajecz*, 1391 Idaho 482, 483, 80 P.3d 1083, 1084 (2003)).