**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42396**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 61** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 27, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALDEN LAMAR HOAGLAND, JR.,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

In 2005, a grand jury indicted Alden Lamar Hoagland, Jr. on one count of lewd conduct with a minor under sixteen. Pursuant to a plea agreement, the district court amended the indictment without resubmitting the matter to a grand jury. The district court amended the indictment by striking out language and replacing the relevant allegations and code sections in handwriting. The amended indictment was not signed by the foreman of the grand jury or the prosecutor. Specifically, the amended indictment changed the charging language from lewd conduct with a minor to sexual abuse of child and changed the Idaho Code section from 18-1508 to 18-1506(b).

The indictment was amended by the district judge in open court where Hoagland stipulated that the amendments could be filed. The district court accepted Hoagland's guilty plea

and imposed a unified sentence of fifteen years, with a minimum period of confinement of three and one-half years. Eight years later, Hoagland filed an I.C.R. 35 motion to correct an illegal sentence, arguing the amended indictment did not confer jurisdiction because it was not resubmitted to the grand jury. The district court denied the Rule 35 motion, reasoning that the grand jury found sufficient cause to go forward with a prosecution on factual elements that gave rise to the amended charge as listed in the amended indictment. Hoagland appeals.

Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). In a criminal case, the filing of a charging document alleging that an offense was committed within the state of Idaho confers subject matter jurisdiction. *Id.* at 757-58, 101 P.3d at 701-02. Because the charging document provides subject matter jurisdiction to the district court, the district court's jurisdictional power depends on the charging document being legally sufficient to survive challenge. *Id.* at 758, 101 P.3d at 702. Whether a charging document conforms to the requirements of law and is legally sufficient is also a question of law subject to free review. *Id.* at 757, 101 P.3d at 701.

Relying on *State v. Flegel*, 151 Idaho 525, 261 P.3d 519 (2011), Hoagland argues that the district court lacked jurisdiction and therefore his sentence is illegal. In *Flegel*, under facts somewhat similar to this case, the Court held that sexual abuse is not an included offense of lewd conduct and that the prosecutor had no authority to issue an amended indictment for a crime that was not an included offense of the crime originally charged. We note, however, that in *Flegel* the defendant did not consent to the amended charges nor did he plead guilty.

This appeal was suspended pending the outcome of *State v. Schmierer*, 159 Idaho 768, 367 P.3d 163 (2016). In *Schmierer*, the Idaho Supreme Court analyzed a jurisdictional challenge to an amended indictment that was not issued by the grand jury or signed by the foreman of the grand jury. *Id.* at 770, 367 P.3d at 165. Like in this case, the original charging document in *Schmierer* was valid. As here, the defendant pled guilty to charges which were amended with his consent pursuant to plea negotiations. The facts in *Schmierer* are similar to this case with one exception. What distinguishes this case is that, in *Schmierer*, the prosecutor signed the amended charging document and here there was no signature. In *Schmierer*, the Court held that, where a charging document meets the substantive requirements for an information but is labeled an

2

indictment, it may be treated as an information. *Id.* at 771, 367 P.3d at 166. The Court reasoned that there was no evidence the amended indictment prejudiced the defendant by failing to describe the charge or the factual basis for the charge. *Id.* Although *Schmierer* is distinguishable because of the lack of a signature, the Court's reasoning is instructive.

To be legally sufficient, a charging document must impart subject matter jurisdiction and satisfy due process. *Jones*, 140 Idaho at 758, 101 P.3d at 702. A valid plea of guilty, voluntarily and understandingly given, waives all nonjurisdictional defects and defenses. *State v. Fowler*, 105 Idaho 642, 643, 671 P.2d 1105, 1106 (Ct. App. 1983). A challenge asserting the charging document is jurisdictionally deficient is never waived and may be raised at any time, including for the first time on appeal. *Jones*, 140 Idaho at 758, 101 P.3d at 702.

Idaho Code Section 19-1418(4) requires that an indictment state that an offense was committed at some place within the court's jurisdiction. The same jurisdictional requirements apply to an information. *See* I.C. § 19-1301. Thus, to confer jurisdiction upon the district court, a charging document must allege that the defendant committed a criminal offense within the state of Idaho. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009). When the charging document's jurisdictional sufficiency is challenged after trial, it will be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge the offense for which the defendant was convicted. *Jones*, 140 at 759, 101 P.3d at 703; *State v. Robran*, 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct. App. 1991).

Plainly, the absence of a signature on the charging document is a defect. Idaho Code Section 19-1302 provides that the prosecuting attorney "shall subscribe his name" to an information, and I.C.R. 7(b) provides that the information "shall be signed by the prosecuting attorney." However, the absence of a signature does not affect whether the document alleges that the defendant committed a criminal offense in the state of Idaho nor does it have any due process implications. The charging document alleged Hoagland committed sexual abuse of child under sixteen, a felony, in violation of I.C. § 18-1506(b) and that he committed the offense in the state of Idaho. There is no evidence that the amended indictment prejudiced Hoagland by failing to describe the charge or the factual basis for the charge. The absence of a signature is a nonjurisdictional defect which was waived when Hoagland pled guilty. *Fowler*, 105 Idaho at 643, 671 P.2d at 1106.

3

In keeping with *Schmierer*, we hold that, when an indictment is amended at the request of the State with the consent of the defendant and the defendant then pleads guilty to the amended charge, the charging document may be treated as an information so long as it is sufficient to confer subject matter jurisdiction. The labeling of the document as an information and the absence of the prosecuting attorney's signature are nonjurisdictional defects. Hoagland was not prejudiced by those defects, and they were waived by his guilty plea, as was his right to a preliminary hearing. We hold that the district court had jurisdiction, and Hoagland's sentence for sexual abuse of a child was legal.

Therefore, the district court's order denying Hoagland's I.C.R. 35 motion to correct an illegal sentence is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

4