**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 48033**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 1, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WILLIAM JERMAINE FLETCHER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct illegal sentence, affirmed.

William Jermaine Fletcher, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

William Jermaine Fletcher appeals pro se from the district court's order denying his motion to correct an illegal sentence under Idaho Criminal Rule 35. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2013, a grand jury indicted Fletcher on two counts of lewd conduct with a minor under sixteen years of age, Idaho Code § 18-1508. Fletcher pled not guilty to these charges. During a change of plea hearing, the State presented the district court with an "Amended Information," amending the charges to a single count of felony injury to a child. The district court expressly inquired whether Fletcher objected to this Amended Information, and his counsel

1

stated Fletcher did not object. Fletcher then entered an *Alford*[1] plea to the amended charge pursuant to a plea agreement. The court entered a judgment of conviction for felony injury to child, imposed a unified sentence of ten years with three years determinate, and retained jurisdiction.

Thereafter, Fletcher repeatedly challenged his conviction and sentence, including by filing numerous pro se Rule 35 motions. The district court's denial of these and other motions has resulted in three prior appeals by Fletcher to this Court. *See State v. Fletcher*, Docket No. 41871 (Ct. App. Nov. 3, 2014) (unpublished) (affirming district court's relinquishment of jurisdiction and denial of Rule 35 motion); *State v. Fletcher*, Docket No. 43957 (Ct. App. Jul. 18, 2016) (unpublished) (affirming denial of motion to withdraw guilty plea and motion to correct illegal sentence under Rule 35); *State v. Fletcher*, Docket No. 45392 (Ct. App. Apr. 9, 2018) (unpublished) (affirming denial of Rule 35 motion to correct illegal sentence).

While the appeal in Docket No. 45392 was still pending, Fletcher filed another pro se Rule 35 motion in December 2017, arguing the district court did not have subject matter jurisdiction because a preliminary hearing was not held on the amended charge of felony injury to a child. The court denied Fletcher's motion noting Fletcher did not object to the Amended Information, ruling Fletcher waived his right to a preliminary hearing by pleading guilty to the amended charge, and concluding jurisdiction was not lacking. Fletcher filed an objection to the court's denial, which the court construed as a motion for reconsideration and denied. Fletcher did not appeal this denial.

Instead, Fletcher filed yet another pro se Rule 35 motion in March 2019, again arguing the district court lacked subject matter jurisdiction. Fletcher filed a motion for a hearing on this Rule 35 motion and attached purported results from a polygraph examination. The court denied these motions, noting that "like many of [Fletcher's] prior Rule 35 motions," the motions "depend on the notion that he's not guilty." Fletcher appealed this ruling, but his appeal was conditionally dismissed because he failed to pay the fees associated with the appeal. After the district court denied Fletcher's motion for a waiver of the appellate fees, the appeal was dismissed.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

In March 2020, Fletcher filed his most recent pro se Rule 35 motion, which is at issue in this appeal. In support of his latest Rule 35 motion, Fletcher challenged his "sentences [sic] and conviction" because the prosecution did not present the amended charge of felony injury to a child to a grand jury, and no preliminary hearing was held on that charge. The district court construed the motion as challenging the court's subject matter jurisdiction, again, because no preliminary hearing was held on the Amended Information. It found Fletcher's "latest Rule 35 motion recycles an argument" he made in support of his previously denied December 2017 motion. Based on this finding, the court ruled that the doctrine of res judicata barred Fletcher's motion. Additionally, the court denied Fletcher's motion for all the same reasons it denied his December 2017 motion. Fletcher timely appeals pro se this denial.

**II.**

**ANALYSIS**

On appeal, Fletcher challenges the district court's denial of his latest Rule 35 motion, arguing the court "failed to correct an illegal/invalid conviction/sentence" and lacked subject matter jurisdiction. In support, Fletcher cites, among other authorities, Article I, Section 8 of the Idaho Constitution (requiring prosecution by indictment or information) and I.C. § 19-1420 (providing for amended indictment or information). Fletcher, however, does not challenge the court's ruling that the doctrine of res judicata barred his Rule 35 motion because the court previously rejected his argument that it lacked jurisdiction when denying a prior motion.

Pro se litigants are held to the same standards and rules as those represented by an attorney. *State v. Hooley*, 166 Idaho 417, 420, 460 P.3d 341, 344 (2020). For this reason, pro se litigants, like all other litigants, must comply with the Idaho Appellate Rules and standards of appellate practice. One of those practices is that, if a trial court provides alternative grounds for its decision, the appellant must challenge each alternative ground on appeal. If an appellant does not challenge all of the alternative grounds for the trial court's decision, then this Court must affirm on any uncontested basis. *State v. Ewell*, 147 Idaho 31, 34, 205 P.3d 680, 683 (Ct. App. 2009); *State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998).

Fletcher contends he "has done his best to his ability as a pro se defendant with all the motions and appeals he has filed previously." Regardless, his failure to challenge the district court's ruling that the doctrine of res judicata barred his Rule 35 motion is dispositive of this appeal. The doctrine of res judicata bars relitigation of issues that have been previously decided

3

in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). As the district court correctly noted, it had already decided Fletcher's jurisdictional challenge when denying his December 2017 motion. Accordingly, the court correctly ruled that res judicata barred Fletcher from subsequently rearguing the same jurisdictional issue. Fletcher's failure to challenge this ruling is fatal to his appeal.

Moreover, Fletcher's appellate challenge also fails on the merits because his sentence is not illegal. Contrary to Fletcher's suggestion, a prosecutor may generally amend a grand jury's indictment by information with certain limitations which are inapplicable in this case. *See* I.C. § 19-1420 (providing prosecuting attorney may amend indictment if amendment is without prejudice to defendant's substantial rights and alleges lesser offense included in charged offense); *State v. Schmierer*, 159 Idaho 768, 771, 367 P.3d 163, 166 (2016) (noting prosecutor could amend indictment by information); *State v. Flegel*, 151 Idaho 525, 527, 261 P.3d 519, 521 (2011) ("The State can amend an indictment to allege a lesser offense that is included in the offense charged."). Although an information may not issue without a preliminary examination, the Idaho Supreme Court has repeatedly ruled that a defendant waives his right to a preliminary examination by pleading guilty without objecting to a charging document issued without a preliminary examination. I.C. § 19-1308 (noting accused may waive preliminary examination); *Schmierer*, 159 Idaho at 771, 367 P.3d at 165 ("Although the charging document was issued without a preliminary examination, a defendant waives his right to a preliminary examination by pleading guilty without objection."); *Brown v. State*, 159 Idaho 496, 497 n.2, 363 P.3d 337, 338 n.2 (2015) (noting that Article I, Section 8 does not prohibit accused from waiving preliminary examination and that defendant waived preliminary examination by pleading guilty).

In this case, Fletcher affirmatively indicated at the change of plea hearing that he had no objection to the Amended Information. Then, he pled guilty to the amended charge of felony injury to a child. As a result, Fletcher waived his right to a preliminary examination, and his assertion that the district court lacked jurisdiction fails.

None of the authorities Fletcher cites on appeal supports a contrary conclusion that his sentence was illegal. The Idaho Supreme Court has previously noted Article I, Section 8 of the Idaho Constitution does not prohibit a defendant from waiving a preliminary examination. *Brown*, 159 Idaho at 497 n.2, 363 P.3d at 338 n.2. Similarly, the Court in *Schmierer* expressly

4

cited both Article I, Section 8, and I.C. § 19-1420 and reiterated the rule that a defendant may waive a preliminary examination thereby indicating these authorities do not prohibit such a waiver. *Schmierer*, 159 Idaho at 771, 367 P.3d at 166. Further, *Flegel*, 151 Idaho at 526, 261 P.3d at 520, is distinguishable from this case because Flegel did not consent to the amended charge in that case as Fletcher did in this case. *State v. Lute*, 150 Idaho 837, 841, 252 P.3d 1255, 1259 (2011), is inapposite because, in that case, the grand jury had expired and never entered a valid indictment against the defendant. In contrast, Fletcher makes no argument in this case that the grand jury's indictment against him was invalid.

## III.

## CONCLUSION

Fletcher failed to challenge on appeal the district court's alternative ruling that the doctrine of res judicata bars his Rule 35 motion challenging the court's subject matter jurisdiction. Moreover, Fletcher's appeal fails on the merits because his sentence is not illegal. Accordingly, we affirm the district court's order denying Fletcher's Rule 35 motion.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.