**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52436**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 18, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DONALD LEONARD HARRIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Order denying I.C.R. 35(a) motion to correct illegal sentence, <u>affirmed</u>.

Donald L. Harris, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Donald Leonard Harris appeals from the district court's order denying his Idaho Criminal Rule 35(a) motion to correct an illegal sentence. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Two women reported to law enforcement that Harris sexually abused them when they were minors, and that Harris may have documented some of the abuse through videos and photographs. A search of Harris's house resulted in discovery of a large quantity of sexually exploitative material. In 2019, a grand jury indicted Harris for two counts of lewd conduct with a minor under sixteen and five counts of possession of sexually exploitative material. The lewd conduct was alleged to have occurred between 1999 and 2003. Pursuant to a plea agreement, Harris entered an

1

*Alford*[1] plea to one count of injury to a child, Idaho Code § 18-1501(1), naming both victims with the same factual bases as the lewd conduct charges. Harris also pled guilty to three counts of possession of sexually exploitative material, I.C. § 18-1507(a). In November 2019, the district court imposed three concurrent, ten-year indeterminate sentences for possession of sexually exploitive material, to run consecutive to a unified ten-year sentence with eight years determinate for felony injury to a child, resulting in a cumulative twenty-year sentence with eight years determinate. Harris's judgment of conviction was affirmed on direct appeal. *State v. Harris*, Docket No. 47635 (Ct. App. Dec. 3, 2020) (unpublished). The district court's judgment summarily dismissing Harris's pro se petition for post-conviction relief was also affirmed. *Harris v. State*, Docket No. 50147 (Ct. App. June 3, 2024) (unpublished).

In 2023, Harris filed an I.C.R. 35(a) motion to correct an illegal sentence. Harris argued that the conduct underlying the reduced charge of felony injury to a child fell outside of the statute of limitations for that offense. Harris relied on I.C. § 19-402 which sets forth a general five-year statute of limitations for felony offenses, with the exception of those specific offenses enumerated in I.C. § 19-401. The State did not respond. The district court denied the motion with a file stamp stating, "DENIED. Writ for ICR 35 is years untimely," which was affixed upon Harris's request that his motion be set for a hearing. Harris appeals.

## II.

## STANDARD OF REVIEW

Whether a sentence is illegal is a question of law over which the appellate courts exercise free review. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Whether a court lacks jurisdiction is a question of law over which appellate courts exercise free review. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998).

## III.

## ANALYSIS

Harris claims the district court erred in denying his motion on the basis it was untimely. The State agrees. Idaho Criminal Rule 35(a) allows a trial court to correct a sentence that is illegal at any time. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009). However, the State argues that this Court may affirm the district court's order on any correct legal theory supported

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

by the undisputed facts in the record. *See State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (noting the "right result-wrong theory" rule allowing an appellate court to affirm a district court decision for a different reason than the one cited by the district court).

In *Clements*, the Idaho Supreme Court held that the term "illegal sentence" under I.C.R. 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Idaho Criminal Rule 35(a) is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by I.C.R. 35(a) should be limited to uphold the finality of judgments. *Clements*, 148 Idaho at 86, 218 P.3d at 1147; *Farwell*, 144 Idaho at 735, 170 P.3d at 400. Idaho Criminal Rule 35(a) is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

Harris couched his illegal sentence argument on a jurisdictional challenge, that the statute of limitations had run on the felony injury to a child charge and, thus, the district court lacked jurisdiction, and any sentence based on that charge is illegal. The indictment or information filed by the prosecution is the jurisdictional instrument upon which a defendant stands trial. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). The Supreme Court has held an objection that an indictment did not confer jurisdiction may be raised for the first time in a motion to correct an illegal sentence. *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011). However, a defendant cannot revisit an underlying conviction via an I.C.R. 35(a) motion. *State v. Roberts*, 175 Idaho 12, 19, 175 P.3d 470, 477 (2024) (challenging whether a prior DUI conviction should have been a juvenile misdemeanor rather than an adult misdemeanor that could later be used as for enhancement purposes). Idaho courts obtain personal jurisdiction over a criminal defendant when the defendant initially appears in court. *State v. Rogers*, 140 Idaho 223, 227, 91 P.3d 1127, 1131 (2004). Subject matter jurisdiction in a criminal case is conferred by the filing of an information, indictment, or complaint alleging an offense was committed within the state of Idaho. *Id*.

The State first argues that Harris's claim is not within the scope of I.C.R. 35(a) or clear from the face of the record. However, assuming Harris's jurisdictional claim can be raised in the present I.C.R. 35(a) motion, the facts appear clear from the record. The record shows the dates of the allegations and crime charged in the original indictment and the second amended superseding

3

indictment to which Harris pled. The facts underlying the statute of limitations claim appear in the record. The question becomes whether the amended charge deprived the district court of jurisdiction on the basis that Harris agreed to plead guilty to an amended charge for which the statute of limitations had expired.

The State argues that the limitation period in I.C. § 19-402 precludes "prosecutions which are initially *charged* more than five years after the underlying conduct is alleged to have occurred," and does not preclude defendants, such as Harris, from entering a knowing, voluntary, and intelligent guilty plea to a reduced charge where that charge would have been barred by I.C. § 19-402 if had been originally brought by the State. While a valid plea of guilty, voluntarily and understandingly given, waives all *non-jurisdictional* defenses, *State v. Fowler*, 105 Idaho 642, 643, 671 P.3d 1105, 1106 (Ct. App. 1983) (emphasis added), the State contends that Harris could waive any jurisdictional issue by pleading guilty to an agreed-upon reduced charge.[2]

In *State v. Hoagland*, 160 Idaho 920, 921, 382 P.3d 369, 370 (Ct App. 2016), a grand jury indicted Hoagland on one count of lewd conduct with a minor under sixteen. Pursuant to a plea agreement, the district court amended the indictment to sexual abuse of a child by interlineation and without obtaining the signature of the grand jury foreperson. *Id.* The amendment occurred in open court with the stipulation of Hoagland and the district court accepted Hoagland's guilty plea. *Id.* at 922, 382 P.3d at 371. Eight years later, Hoagland filed an I.C.R. 35(a) motion to correct an illegal sentence arguing the amended indictment did not confer jurisdiction on the district court because it was not resubmitted to the grand jury. The district court denied the motion. *Id.*

On appeal, Hoagland relied on *State v. Flegel*, 151 Idaho 525, 261 P.3d 519 (2011) in which the Supreme Court held that the sentence was illegal because sexual abuse is not an included offense of lewd conduct, and the prosecutor had no authority to amend an indictment. The Court in *Hoagland* distinguished *Flegel* on the basis that Flegel did not consent to the amended charges or plead guilty. *Hoagland*, 160 Idaho at 922, 382 P.3d at 371. The *Hoagland* Court then looked to *State v. Schmierer*, 159 Idaho 768, 367 P.3d 163 (2016) where an indictment was amended without signature of the grand jury foreperson. *Id.* at 770, 367 P.3d at 165. In *Schmierer*, as in *Hoagland* and this case, the amendment was pursuant to consent in a plea agreement. *Id.* The

---

[2] The State points out that the originally charged offense of lewd conduct has no statute of limitations, I.C. § 19-401, and thus, no statute of limitations defense would have been effective against the original indictment, which was, therefore, valid and gave the district court jurisdiction.

4

*Schmierer* Court reasoned that there was no evidence the amended indictment prejudiced the defendant. *Id.* at 771, 367 P.3d at 166.

The *Hoagland* Court held that "When a charging document's jurisdictional sufficiency is challenged after trial, it will be upheld unless it is so defective that it does not, by any fair or reasonable construction, charge the offense for which the defendant is convicted." *Hoagland*, 160 Idaho at 922-23, 382 P.3d at 371-72. The Court concluded that the alleged defects were not jurisdictional and were waived by the guilty plea. *Id.* at 923, 382 P.3d at 372. The same is true here. Harris took advantage of a plea agreement that allowed him to plead guilty to an amended charge. The expiration of the statute of limitation with respect to that amended charge did not deprive the district court of jurisdiction, which was validly conferred when the grand jury returned the original indictment.

Harris's knowing, intelligent, and voluntary plea to an agreed upon charge did not render his sentence illegal due to a lack of jurisdiction in the district court.

## IV.

## CONCLUSION

The district court erred in denying Harris's I.C.R. 35(a) motion as untimely. However, jurisdiction is reviewed de novo, and Harris's claim that his sentence is illegal because the district court lacked jurisdiction over an amended charge to which he pled guilty is without merit. Therefore, the district court's order denying Harris's I.C.R. 35(a) motion is affirmed.

Chief Judge TRIBE and Judge LORELLO **CONCUR**.

5