# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42511-2014

RAYLAND BROWN, )
           Petitioner-Appellant, )
v. )
STATE OF IDAHO, )
           Respondent. )
)

Boise, December 2015 Term

2015 Opinion No. 113

Filed: December 22, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County.  Hon. Michael E. Wetherell, District Judge.

The judgment of the district court is affirmed.

Ben P. McGreevy, Deputy State Appellate Public Defender, Boise, argued for appellant.

Theodore S. Tollefson, Deputy Attorney General, Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from a judgment in a civil action dismissing the Appellant's petition for post-conviction relief.  The only issue he raises on appeal is whether the court in his criminal case had subject-matter jurisdiction.  He cannot raise that issue for the first time on appeal in this civil action, and so we affirm the judgment in this case.

## I.
## Factual Background.

On May 22, 2012, in Ada County case number CR-FE-2012-0005898 ("Criminal Case"), Rayland Brown was charged by indictment with the felony crime of forcible sexual penetration by use of a foreign object.  On October 23, 2012, the second day of Mr. Brown's jury trial, he and the State agreed to a written plea agreement.  One of the provisions of the plea agreement

was that the charge would be amended to felony domestic battery. On the same date, the State filed an information charging the crime of felony domestic battery, and Mr. Brown pled guilty to that charge. On December 27, 2012, the district court sentenced Mr. Brown, and in accordance with the plea agreement the court retained jurisdiction for 365 days. On September 3, 2013, the court entered an order relinquishing jurisdiction, which resulted in Mr. Brown being required to serve a prison sentence of at least fifteen years and up to twenty years, with credit for 483 days already served. Mr. Brown filed a motion for reconsideration, and the court reduced the mandatory portion of the prison sentence from fifteen years to eleven years.

On June 27, 2014, Mr. Brown filed this action seeking post-conviction relief on the ground that he received ineffective assistance of counsel in the Criminal Case. The district court interpreted the alleged ineffective assistance as being that his counsel in the Criminal Case advised him that he would receive probation after the period of retained jurisdiction and failed to object to the court's alleged deviation from the plea agreement. The district court in this case dismissed the petition for post-conviction relief because the court in the Criminal Case did not deviate from the plea agreement and the plea agreement, which Mr. Brown signed, notified him that he may not receive probation because it expressly provided that "[a]t the end of the period of retained jurisdiction, the court would be free to exercise or relinquish jurisdiction in its discretion." Mr. Brown then timely appealed.

## II.
### Can Mr. Brown Raise on Appeal the Criminal Court's Alleged Lack of Subject-Matter Jurisdiction?

On appeal, Mr. Brown does not challenge the district court's reason for dismissing the petition for post-conviction relief. Instead, he raises the issue that the district court in the Criminal Case did not have subject-matter jurisdiction to sentence Mr. Brown for domestic battery. He argues that the court lacked subject-matter jurisdiction because the State alleged the crime of domestic battery by filing an information instead of amending the indictment and because the information was filed without a commitment by a magistrate as required by article 1,

2

section 8, of the Idaho Constitution.[1] He contends that he can raise lack of subject-matter jurisdiction in the Criminal Case at any time, even for the first time on the appeal in this case.

Although Mr. Brown's claim that the district court in the Criminal Case lacked subject-matter jurisdiction over the charge of domestic battery alleged in the information certainly appears frivolous,[2] we will not address it because that issue cannot be raised for the first time on appeal in this case. The district court in this case clearly had subject-matter jurisdiction.

Mr. Brown contends that *State v. Flegel*, 151 Idaho 525, 261 P.3d 519 (2011), and *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011), support his contention that the alleged lack of subject-matter jurisdiction of the court in the Criminal Case could be raised for the first time on appeal in this case. In *Flegel*, the issue of subject-matter jurisdiction was raised on direct appeal from the judgment of conviction, 151 Idaho at 526, 261 P.3d at 520, and in *Lute*, the issue of subject-matter jurisdiction was raised on direct appeal from the denial of a motion under Rule 35 of the Idaho Criminal Rules that was made in the case in which the defendant had been convicted, 150 Idaho at 838, 252 P.3d at 1256. Neither case supports the ability to raise on appeal in one case the alleged lack of subject-matter jurisdiction in another case. This action

---

[1] Article 1, section 8, of the Idaho Constitution states:

> No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger; provided, that a grand jury may be summoned upon the order of the district court in the manner provided by law, and provided further, that after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of public prosecutor.

[2] The filing of an information "alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court." *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). An information was filed in the Criminal Court, conferring subject-matter jurisdiction upon that court over the offense charged in the information. The requirement of a commitment by a magistrate in article 1, section 8, is not necessary to confer subject-matter jurisdiction upon the district court. "There is nothing in article 1, § 8, of our constitution which prohibits the accused from waiving a preliminary examination." *State v. Larkins*, 5 Idaho 200, 205, 47 P. 945, 946 (1897). By pleading guilty without making an objection to the lack of a commitment by a magistrate regarding the offense alleged in the information, Mr. Brown would have waived his right to a preliminary examination. *In re Bates*, 63 Idaho 748, 753, 125 P.2d 1017, 1019 (1942) (commitment for being a persistent violator, which was not even a crime, rather than for the crime charged of grand larceny was "irregular and erroneous," but was waived by the failure to raise the issue before pleading guilty); *In re Marshall*, 6 Idaho 516, 518, 56 P. 470, 471 (1899) ("If the defendant had no preliminary examination, and did not waive same, he should present that question to the trial court when called on to plead, or be held to have waived it.").

seeking post-conviction relief is a separate action from the Criminal Case. *State v. Jakoski*, 139 Idaho 352, 355-56, 79 P.3d 711, 714-15 (2003). Because Mr. Brown has not challenged the judgment in this case, we affirm that judgment.

### III.
### Conclusion.

We affirm the judgment of the district court and award the State costs on appeal.

Chief Justice J. JONES, Justices BURDICK, W. JONES, and HORTON **CONCUR.**

4