IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42472

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 494 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 19, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL GEORGE JOHNSTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Order denying motion to dismiss, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Daniel George Johnston appeals from the district court's order denying his motion to dismiss. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Johnston was convicted in Michigan of criminal sexual conduct in the first degree (the Michigan crime), Michigan Compiled Laws § 750.520b(1)(a). Johnston subsequently moved to Idaho. The State filed a complaint against Johnston for failing to register his change of address, Idaho Code § 18-8309, after discovering he resided in Idaho and had not registered as a sex offender in Idaho. Johnston admitted to officers he had registered as a sex offender in Michigan. At the preliminary hearing, the officer assigned to Johnston's case testified that he verified

Johnston's duty to register through the Michigan state sex offender registry. The magistrate bound the failure to register change of address charge over to the district court.

The State subsequently filed an information charging Johnston for failing to register his change of address. Several months later, the State filed a motion in limine asking the district court to take judicial notice of M.C.L. § 750.520b(1)(a) and find the Michigan crime was substantially equivalent to the Idaho crime of lewd conduct with a minor child under sixteen, I.C. § 18-1508. The State also amended its information to charge Johnston for failing to register as a sex offender, I.C. § 18-8307, because that charge better reflected the evidence of the crime.

Johnston filed a motion to dismiss, Idaho Criminal Rule 48(a)(2), arguing the Michigan crime was not substantially equivalent to any Idaho crimes and he was not required to register in Michigan because he was homeless when he left Michigan and there was ambiguity in Michigan law at that time about whether a homeless person had to register.

The district court held a hearing where it addressed both the State's motion in limine and Johnston's motion to dismiss. The State did not have a copy of Johnston's judgment of conviction at the hearing. The court held the Michigan crime was substantially equivalent to Idaho crimes in I.C. § 18-8304(1)(a), denied Johnston's motion to dismiss, and stated its intent to grant the State's motion in limine. Before his trial date Johnston entered a conditional guilty plea to the failure to register charge, preserving the right to appeal the denial of his motion to dismiss. Johnston timely appeals.

## II.

## ANALYSIS

Johnston argues the district court lacked jurisdiction to accept his guilty plea and abused its discretion by denying his motion to dismiss.

### A. Jurisdiction

Johnston argues the district court lacked jurisdiction to accept his guilty plea. Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Because the indictment or information provides subject matter jurisdiction to the court, the court's jurisdictional power depends on the legal sufficiency of the charging document. *Id*. at 758, 101 P.3d at 702. "To be legally sufficient, a charging document must meet two requirements: it must impart jurisdiction and satisfy due process." *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009).

2

Article I, section 8 of the Idaho Constitution states, "No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate." Further, I.C. § 19-1308 provides, "No information shall be filed against any person for any offense until such person shall have had a preliminary examination . . . unless such person shall waive his right to such examination." Moreover, an amended information may not "charge an offense other than that for which the defendant has been held to answer" at a preliminary hearing. I.C. § 19-1420; *see* I.C.R. 7(e) (The State can amend an information only "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."). Thus, an amended information may not charge a defendant with a new felony unless the new charge is a lesser included offense of a previously bound-over charge, a magistrate binds over the new charge in a preliminary hearing, or the defendant waives his right to a preliminary hearing on the new charge. *See* I.C. §§ 19-1308, 19-1420; *State v. Flegel*, 151 Idaho 525, 527, 261 P.3d 519, 521 (2011).

Johnston asserts the district court lacked jurisdiction to accept his guilty plea to the failure to register charge. According to Johnston, the amended information did not impart jurisdiction over the failure to register charge because that charge was not a lesser included offense of the previously bound-over charge, a magistrate did not bind over the failure to register charge in a preliminary hearing, and he did not waive his right to a preliminary hearing on the failure to register charge. Johnston claims his guilty plea did not waive his right to a preliminary hearing.

Our Supreme Court recently addressed this issue in *State v. Schmierer*, ___ Idaho ___, 367 P.3d 163 (2016). In *Schmierer*, the Supreme Court held that "a defendant waives his right to a preliminary examination by pleading guilty without objection." *Id.* at ___, 367 P.3d at ___; *see Brown v. State*, 159 Idaho 496, 497 n.2, 363 P.3d 337, 338 n.2 (2015) ("By pleading guilty without making an objection to the lack of a commitment by a magistrate regarding the offense alleged in the information, Mr. Brown would have waived his right to a preliminary examination."). Here, Johnston pled guilty to the failure to register charge without objection to the lack of a preliminary hearing regarding the failure to register charge. Thus, Johnston waived his right to a preliminary hearing on the failure to register charge. Because Johnston waived his

right to a preliminary hearing on the failure to register charge, the district court had jurisdiction to accept his guilty plea to that charge.

**B.      Motion to Dismiss**

Johnston argues the district court abused its discretion by denying his motion to dismiss because the State failed to establish he was required to register in Michigan and that the Michigan crime was substantially equivalent to an Idaho crime. "This Court reviews a district court's decision on a motion to dismiss a criminal action for an abuse of discretion." *State v. Martinez-Gonzalez*, 152 Idaho 775, 778, 275 P.3d 1, 4 (Ct. App. 2012); *see* I.C.R. 48(a); *State v. Dixon*, 140 Idaho 301, 304, 92 P.3d 551, 554 (Ct. App. 2004). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

This Court exercises free review over questions of law and the application and construction of statutes. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990); *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Idaho Code § 18-8304(1)(c) requires sex offender registration in Idaho for any person who

> [h]as been convicted of any crime . . . in another jurisdiction . . . that is substantially equivalent to the offenses listed in subsection (1)(a) of this section and was required to register as a sex offender in any other state or jurisdiction when he established residency in Idaho.

Johnston first argues that the State failed to establish he was required to register in Michigan. According to Johnston, the State did not introduce any evidence showing he was required to register in Michigan and the district court did not analyze the elements under the Michigan Compiled Laws to find the Michigan crime required him to register in Michigan. Thus, Johnston argues the court abused its discretion by denying his motion to dismiss.

We disagree. The State did not have a duty to establish Johnston was required to register in Michigan. In an I.C.R. 48 motion to dismiss, the moving party has the burden to persuade the court that dismissal will "serve the ends of justice and the effective administration of the court's business." I.C.R. 48(a)(2); *see State v. Dieter*, 153 Idaho 730, 735, 291 P.3d 413, 418 (2012). Here, Johnston moved to dismiss the action. Thus, he had the burden to persuade the court that

4

dismissal was warranted. He could have done this by establishing he was not required to register in Michigan. Johnston failed to meet his burden, and the district court denied his motion to dismiss. Johnston cannot assert the court erred in denying his motion to dismiss when he failed to meet his burden.

Further, whether the Michigan Compiled Laws required Johnston to register for the Michigan crime was not an issue before the district court at the hearing on the motion to dismiss. Johnston admitted to officers he had registered as a sex offender in Michigan. Moreover, the officer assigned to Johnston's case testified that he verified Johnston's duty to register through the Michigan state sex offender registry at the preliminary hearing. Finally, Johnston did not ask the court to determine whether the Michigan Compiled Laws required him to register for the Michigan crime in his motion to dismiss. In that motion, Johnston argued he was not required to register in Michigan because he was homeless when he left Michigan. At the hearing on the motion to dismiss, the court noted Johnston's citation of a 2010 Michigan Court of Appeals' case, which held homeless people did not have to register. The court then referenced a 2011 Michigan Supreme Court case which held homeless people had to register and stated, "[E]ven if the defendant had his own personal confusion, the law is imputed on him. The law in Michigan is that a homeless individual must register." Thus, the court correctly addressed the issue Johnston raised in his motion to dismiss regarding his duty to register in Michigan, and nothing required the court to analyze the Michigan Compiled Laws to find the Michigan crime required him to register in Michigan.

Because Johnston had the burden to persuade the court to dismiss his charge and the court addressed the issues raised in Johnston's motion to dismiss, we hold the district court did not abuse its discretion in denying Johnston's motion to dismiss.

Johnston next argues the State failed to establish the Michigan crime was substantially equivalent to an Idaho crime in I.C. § 18-8304(1)(a). At the hearing on the motion to dismiss, Johnston admitted to violating M.C.L. § 750.520b, but did not specify what subsection he violated. Moreover, the State did not specify what subsection he violated or provide a copy of his judgment of conviction. Thus, Johnston asserts the district court did not know what subsection he violated or the elements of the Michigan crime. According to Johnston, the district court could not find the Michigan crime was substantially equivalent to an Idaho crime in I.C. § 18-8304(1)(a) without knowing the elements of the Michigan crime. Thus, Johnston

5

asserts the district court abused its discretion by holding the Michigan crime was substantially equivalent to Idaho crimes in I.C. § 18-8304(1)(a) without knowing the elements of the Michigan crime.

Again, the burden was on Johnston to persuade the court that dismissal was warranted. He could have done this by establishing the Michigan crime was not substantially equivalent to an Idaho crime in I.C. § 18-8304(1)(a). Johnston did not meet his burden. He cannot assert the court erred in denying his motion to dismiss when he failed to meet his burden.

Moreover, the district court knew what subsection of M.C.L. § 750.520b Johnston violated and the elements of the Michigan crime. Before the hearing on the motion to dismiss, the State filed a motion in limine asking the court to take judicial notice of M.C.L. § 750.520b(1)(a) and find the Michigan crime was substantially equivalent to the Idaho crime of lewd conduct with a minor child under sixteen. At the motion to dismiss hearing, the court relied on M.C.L. § 750.520b(1)(a) in finding the Michigan crime was substantially equivalent to Idaho crimes in I.C. § 18-8304(1)(a). Moreover, the court referred to and stated its intent to grant the State's motion in limine. Thus, the State's motion in limine informed the court of the subsection Johnston violated, and the court compared the elements in that subsection to the elements of Idaho crimes in I.C. § 18-8304(1)(a) to find the crimes were substantially equivalent.

Because Johnston had the burden to persuade the court to dismiss his charge and the court knew what subsection of M.C.L. § 750.520b he violated and the elements of the Michigan crime, we hold the court did not abuse its discretion in denying Johnston's motion to dismiss.

To the extent Johnston argues the Michigan crime was not substantially equivalent to Idaho crimes in I.C. § 18-8304(1)(a), we exercise free review and hold that it was. Whether a foreign crime is substantially equivalent to an Idaho crime requiring sex offender registration is a question of law this Court freely reviews. *Doe v. State*, 158 Idaho 778, 782, 352 P.3d 500, 504 (2015). The Idaho State Police Rules Governing the Sex Offender Registry define substantially equivalent as follows: "'Substantially Equivalent or Similar' means any sex offense related crime, regardless of whether a felony or misdemeanor, that consists of similar elements defined in Title 18 of the Idaho Criminal Code. It does not mean exactly the same, nor exactly identical to." Idaho Administrative Procedure Act 11.10.03.010.05. Thus, substantial equivalency does not require exact correspondence between the foreign statute and the Idaho statute. *Cf. State v. Moore*, 148 Idaho 887, 897, 231 P.3d 532, 542 (Ct. App. 2010) (interpreting the "substantial

6

conformity" requirement under Idaho's DUI laws). In determining substantial equivalency, courts focus on the elements of each offense, not the specific conduct giving rise to the prior violation. *See Doe*, 158 Idaho at 783, 352 P.3d at 505; *cf. Moore*, 148 Idaho at 898, 231 P.3d at 543. Moreover, courts need not imagine all conceivable conduct that may be committed by a hypothetical defendant to compare what conduct may or may not be criminalized under each statute. *Cf. Moore*, 148 Idaho at 898, 231 P.3d at 543. Thus, the foreign state's statute may encompass conduct that would not be illegal in Idaho, i.e., the foreign statute may be broader than Idaho's statute. *Cf. id.* The primary inquiry is whether the statutes prohibit the same essential conduct such that a crime from another jurisdiction would constitute a crime in Idaho. *See Doe*, 158 Idaho at 783, 352 P.3d at 505; *cf. Moore*, 148 Idaho at 898, 231 P.3d at 543.

In deciding the Michigan crime was substantially equivalent to Idaho crimes in I.C. § 18-8304(1)(a), the district court stated,

> I'm reading from the [Michigan] statute. "[(1)] A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exist:
> (a) That other person is under 13 years of age."
> The Court is comparing that which the defendant was convicted of in Michigan and any offense as listed in the Idaho statute [I.C. § 18-]8304, and the Court finds that there were two statutes--the lewd and lascivious conduct, which prohibits genital-to-genital contact with a minor under 16, and [I.C. §] 18-6101, rape, which prohibits penetration under 16.
> Each of those offenses in the Court's mind is substantially equivalent or substantially similar to the Michigan statute which prohibits sexual penetration with a person under 13, and the Court finds that each statute prohibits that same conduct.
> The defendant's conduct in Michigan would likewise be prohibited in Idaho.

We agree. Although the elements of the Michigan statute may be broader in certain respects than the Idaho statutes comprising rape and lewd conduct with a minor child under sixteen, each statute prohibits the same essential conduct: sexual penetration of a victim less than thirteen years of age. Thus, the Michigan crime would constitute a registerable crime in Idaho. Accordingly, we hold the Michigan crime was substantially equivalent to the Idaho crimes of rape and lewd conduct with a minor child under sixteen.

7

### III.

### CONCLUSION

The district court had jurisdiction to accept Johnston's guilty plea and did not abuse its discretion in denying his motion to dismiss. The district court's order denying Johnston's motion to dismiss is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.