# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45879

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

RAYLAND BROWN,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 21, 2018

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Order denying motion to disqualify and Idaho Criminal Rule 35 motion to correct an illegal sentence, and order denying motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Rayland Brown appeals from the district court's final decision and order, which specifically includes: (1) the district court's order denying Brown's motion to disqualify and Idaho Criminal Rule 35 motion to correct an illegal sentence; and (2) the district court's order denying Brown's motion to withdraw guilty plea. Brown presents three arguments on appeal: (1) the district court erred when it denied Brown's I.C.R. 35 motion to correct an illegal sentence; (2) the district court erred when it denied Brown's motion to disqualify; and (3) the district court erred when it denied Brown's motion to withdraw his guilty plea. For the reasons set forth below, we affirm the district court.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Brown was charged by indictment with forcible sexual penetration by use of a foreign object. As part of a plea agreement, the State amended the charge and Brown pleaded guilty to domestic battery in the presence of a child. The district court imposed a unified sentence of twenty years, with fifteen years determinate, and retained jurisdiction for one year. Following the period of retained jurisdiction, the district court relinquished jurisdiction and executed the original sentence. Brown filed his first I.C.R. 35 motion for reconsideration of his sentence in September of 2013. The district court granted Brown's I.C.R. 35 motion and reduced his sentence to a unified sentence of twenty years, with eleven years determinate. Brown nonetheless appealed the district court's ruling, and this Court affirmed the order relinquishing jurisdiction and the order reducing the sentence. *State v. Brown*, Docket No. 41488 (Ct. App. June 4, 2014) (unpublished).

Brown filed a petition for post-conviction relief in 2014 which the district court dismissed. Brown appealed the decision and asserted the district court lacked subject-matter jurisdiction to sentence Brown for domestic battery. *Brown v. State*, 159 Idaho 496, 497, 363 P.3d 337, 338 (2015). The Supreme Court declined to address Brown's claim on the merits, since the subject-matter jurisdiction argument was raised for the first time on appeal. *Id.* The Supreme Court affirmed the judgment of the district court after it explained: "The district court in this case clearly had subject-matter jurisdiction." *Id.* at 497-98, 363 P.3d at 338-39.

Brown filed a second I.C.R. 35 motion in 2016. The district court denied Brown's I.C.R. 35 motion because Brown's sentence was not illegal from the face of the record. The district court also concluded Brown's motion was untimely and Brown could not file successive I.C.R. 35 motions. Brown did not appeal this ruling.

Brown filed a third I.C.R. 35 motion in 2017 and argued his sentence was illegal. Specifically, Brown claimed he did not commit an offense in the presence of a child. The district court held the sentence was not illegal on the face of the record, and the court explained Brown's motion was an inappropriate vehicle to re-examine the facts of the underlying case. Brown did not appeal this ruling.

In January of 2018, Brown moved to disqualify the district court judge without cause, pursuant to I.C.R. 25(a). The same day, Brown filed his fourth I.C.R. 35 motion, which argued

for the second time that the sentence was illegal because the district court lacked subject-matter jurisdiction over the information filed in the underlying criminal case. The district court denied Brown's motion to disqualify and his I.C.R. 35 motion in the same order. Next, Brown filed a motion to withdraw his guilty plea, pursuant to I.C.R. 33(c). The district court denied Brown's motion to withdraw his guilty plea. Brown appeals the district court's orders.

## II.

## ANALYSIS

**A. The District Court Did Not Err When It Denied Brown's Idaho Criminal Rule 35 Motion**

Brown's first argument on appeal claims the district court erred when it denied Brown's I.C.R. 35 motion to correct an illegal sentence. Pursuant to I.C.R. 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under I.C.R. 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

At issue on the present appeal is Brown's I.C.R. 35 motion from January 2018. Brown makes two arguments why his sentence is illegal, both of which Brown raised in his original post-conviction claim. First, Brown asserts the information to which he pleaded guilty contained a different offense than what was charged in the original indictment. Brown claims the district court did not have subject-matter jurisdiction because the information was not based upon the commitment of a magistrate following a preliminary hearing or its waiver. Second, Brown argues he entered into an I.C.R. 11 plea agreement with the State and executed a plea form, but the documents did not contain an express waiver of Brown's right to a preliminary hearing.

On appeal, Brown is mindful of the controlling authority from *Brown*, *State v. Stewart*, 149 Idaho 383, 234 P.3d 707 (2010), and *State v. Hoagland*, 160 Idaho 920, 382 P.3d 369 (Ct. App. 2016) which held the district court had subject matter jurisdiction in his case. Nonetheless, Brown contends the district court abused its discretion when it denied Brown's most recent I.C.R. 35 motion.

Brown fails to show error in the district court's decision. We adhere to the explanation set forth by the Supreme Court. *Brown*, 159 Idaho at 497-98, 363 P.3d at 338-39. In *Brown*, the Supreme Court declined to address the merits of Brown's argument concerning subject-matter jurisdiction in his criminal case because Brown could not raise the issue for the first time on

3

appeal in his post-conviction case. *Id.* at 497, 363 P.3d at 338. Nonetheless, the Supreme Court noted that Brown's claim "certainly appears frivolous" and provided the following explanation in a footnote:

> The filing of an information "alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court." *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). An information was filed in the Criminal Court, conferring subject-matter jurisdiction upon that court over the offense charged in the information. The requirement of a commitment by a magistrate in article I, section 8, is not necessary to confer subject-matter jurisdiction upon the district court. "There is nothing in article I, § 8, of our constitution which prohibits the accused from waiving a preliminary examination." *State v. Larkins*, 5 Idaho 200, 205, 47 P. 945, 946 (1897). By pleading guilty without making an objection to the lack of a commitment by a magistrate regarding the offense alleged in the information, Mr. Brown would have waived his right to a preliminary examination. *In re Bates*, 63 Idaho 748, 753, 125 P.2d 1017, 1019 (1942) (commitment for being a persistent violator, which was not even a crime, rather than for the crime charged of grand larceny was "irregular and erroneous," but was waived by the failure to raise the issue before pleading guilty); *In re Marshall*, 6 Idaho 516, 518, 56 P. 470, 471 (1899) ("If the defendant had no preliminary examination, and did not waive same, he should present that question to the trial court when called on to plead, or be held to have waived it.")

*Brown*, 159 Idaho at 497 n.2, 363 P.3d at 338 n.2.

In its order denying Brown's I.C.R. 35 motion, the district court adopted the reasoning of the Supreme Court. The district court quoted the entirety of the Supreme Court's footnote, before it concluded:

> Here, there is no indication in the record that [Brown] objected to the lack of a commitment by a magistrate prior to pleading guilty. In fact, the record shows that [Brown] clearly and unequivocally consented to the amended charge. . . . Accordingly, [Brown] waived any objection to a lack of a commitment by a magistrate by pleading guilty to the amended charge.

Because Brown has not shown error in the district court ruling, we affirm the district court's denial of Brown's I.C.R. 35 motion for correction of an illegal sentence.

**B.     The District Court Did Not Err When It Denied Brown's Motion to Disqualify**

Brown claims the district court abused its discretion when it denied Brown's motion to disqualify. Mindful of the deadlines imposed by the relevant criminal rule, Brown nonetheless argues his motion to disqualify should have been granted as a matter of right.

Pursuant to I.C.R. 25, parties are allowed the right to disqualify one judge without cause. The rule allows any party in any criminal action to disqualify one judge by filing a motion for

disqualification without stating any grounds, so long as the motion is timely filed. I.C.R. 25(a)(1). The motion for disqualification without cause must be filed within seven days after service of a written notice setting the action for status conference, pretrial conference, or trial, or within fourteen days after the service of a written notice specifying who the presiding judge will be, whichever comes first. I.C.R. 25(a)(2). The Supreme Court explained:

> Our cases addressing the application of I.C.R. 25(a) demonstrate that, once the parties allow a judge to sit, the parties lose the option to disqualify the judge, thereby indicating that a proceeding will be considered a single action within the meaning of I.C.R. 25(a) if one judge typically presides over all aspects of the proceeding.

*State v. Larios*, 129 Idaho 631, 633, 931 P.2d 625, 627 (1997).

In its order denying Brown's motion, the district court properly identified the language of I.C.R. 25, which included the relevant deadlines for filing a motion for disqualification without cause. The district court found that Brown's motion to disqualify was not timely filed, and we agree. Furthermore, Brown allowed the judge to sit on the case and Brown presents no evidence that he satisfied the deadlines set forth in I.C.R. 25. Therefore, we affirm the district court's denial of Brown's motion to disqualify.

## C. The District Court Did Not Err When It Denied Brown's Motion to Withdraw His Guilty Plea

Brown asserts the district court abused its discretion when it denied Brown's motion to withdraw his guilty plea. Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* Also of importance is whether the motion to withdraw a plea is made before or after sentence is imposed. Idaho Criminal Rule 33(c) provides that a plea may be withdrawn after sentencing only to correct manifest injustice. The stricter standard after sentencing is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and withdraw the plea if the sentence was unexpectedly severe. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. Accordingly, in cases involving a motion to withdraw a plea after sentencing, appellate review is limited to reviewing the record and determining whether the trial court abused its sound discretion in determining that

5

no manifest injustice would occur if the defendant was prohibited from withdrawing his or her plea. *State v. Lavy*, 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

Here, Brown failed to file his motion to withdraw his plea before sentencing, and as such, Brown must show manifest injustice. Brown argues manifest injustice occurred because his attorney advised Brown to plead guilty when the attorney knew or should have known there was no factual basis for the key elements relating to the crime. The attorney, according to Brown, was ineffective since Brown had a valid affirmative defense.

We determine the district court did not abuse its discretion when it denied Brown's motion to withdraw his guilty plea. The district court explained at length why Brown voluntarily, knowingly, and intelligently entered into a guilty plea. For support, the district court reviewed the record of Brown's plea hearing. At the hearing, Brown was advised of the penalties of his plea and discussed the elements of the charge. Also at the hearing, Brown admitted he struck the victim and did so in the presence of a child. After additional discussion with the court, Brown acknowledged his decision was to plead guilty and doing so was free and voluntary. Brown also submitted a guilty plea advisory form that stated he entered into the guilty plea freely and voluntarily.

On appeal, Brown does not dispute the record. Rather, Brown claims that manifest injustice occurred due to ineffective assistance from trial counsel. We are not persuaded by Brown's argument on appeal. The record shows the district court was correct when it concluded no manifest injustice would occur if Brown was prohibited from withdrawing his plea. We therefore affirm the district court's denial of Brown's motion to withdraw his guilty plea.

## III.

## CONCLUSION

For the reasons set forth above, we affirm the district court's denial of Brown's motion to correct an illegal sentence pursuant to I.C.R. 35, Brown's motion to disqualify, and Brown's motion to withdraw his guilty plea.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.