**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46032**

| | |
|---|---|
| MIGUEL Z. ZAVALA, | ) |
| | ) **Filed: October 31, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Thomas W. Whitney, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent. Andrew V. Wake argued.

LORELLO, Judge

Miguel Z. Zavala appeals from a judgment of the district court summarily dismissing Zavala's petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In the underlying criminal case, the State charged Zavala with attempted first degree murder. The case proceeded to a jury trial. The trial court instructed the jury on the elements of attempted first degree murder and, as an included offense, aggravated battery. The jury acquitted Zavala of attempted first degree murder, but found him guilty of aggravated battery. Zavala appealed, claiming only that his sentence constituted an abuse of discretion. This Court affirmed Zavala's judgment of conviction and sentence in an unpublished opinion. *State v. Zavala*, Docket No. 43906 (Ct. App. Nov. 9, 2016).

1

Subsequently, Zavala filed a pro se petition for post-conviction relief and requested the appointment of counsel. The district court appointed counsel and set a deadline for the filing of an amended petition. Ultimately, Zavala's counsel did not file an amended petition. Rather, Zavala's counsel requested that the district court proceed on Zavala's pro se petition and supporting materials. The district court interpreted Zavala's pro se petition as asserting claims of ineffective assistance of counsel,[1] prosecutorial misconduct, and abuse of discretion in certain evidentiary rulings by the trial court. To support these claims, Zavala attached to his petition his affidavit along with police reports, medical records, and invoices for vehicle repairs connected to an unrelated incident allegedly perpetrated by the victim.

The district court gave notice of its intent to summarily dismiss Zavala's petition and provided him twenty days to respond. After reviewing Zavala's response, the materials submitted with the petition and certain materials from the underlying criminal case,[2] the district court summarily dismissed Zavala's petition. Zavala appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

---

[1]     Specifically, Zavala's petition asserted that his trial counsel was ineffective by failing to object to the aggravated battery instruction, present evidence of the victim's violent disposition, and impeach the victim with inconsistent statements.

[2]     In a separate order issued contemporaneously with the district court's notice of intent to dismiss, the district court took judicial notice of the information, the court minutes from the second day of Zavala's jury trial, the jury instructions, and Zavala's amended notice of appeal.

ANALYSIS

Zavala raises three claims of error on appeal: (1) the trial court lacked subject matter jurisdiction over the aggravated battery charge because it is not an included offense of attempted first degree murder; (2) the district court erred in summarily dismissing Zavala's ineffective assistance of counsel and prosecutorial misconduct claims; and (3) the district court erred in dismissing Zavala's petition without considering the transcripts from his underlying criminal case. The State responds that: (1) I.C. § 19-4901(b) bars Zavala's subject matter jurisdiction claim because he failed to raise it on direct appeal and the claim otherwise fails on the merits; (2) the district court properly dismissed Zavala's petition without an evidentiary hearing because he failed to provide evidence substantiating his ineffective assistance of counsel claim and failed to raise his prosecutorial misconduct claim on direct appeal; and (3) the district court had no obligation to sua sponte review the underlying transcripts or compel the State to file the transcripts. We hold that Zavala has failed to show the district court erred in summarily dismissing his post-conviction petition.

## A.      Subject Matter Jurisdiction

Zavala argues that the trial court in his criminal case lost subject matter jurisdiction once the jury acquitted him of attempted first degree murder. According to Zavala, because aggravated battery was not properly submitted to the jury as an included offense, there was no jurisdiction to convict him of it. This claim was not raised at trial or on direct appeal, nor was it alleged as a substantive claim in Zavala's petition. The only reference to subject matter jurisdiction was in Zavala's supporting affidavit where he wrote:

> When a jury is asked without objection to consider an included offense and the jury convicts the defendant of that offense does the Idaho Supreme Court's opinion in State v. Flegel, 151 Idaho 525, 261 P.3d 519 (2011) require reversal based on lack of subject matter jurisdiction if the appellate court determines that the offense of conviction does not qualify as an included offense or does the appellate court analyze the issue as instructional error under the fundamental error standard of review.

The State contends that I.C. § 19-4901(b) bars consideration of this argument and the claim otherwise fails on the merits. We hold that this claim fails because it is not properly before the Court.

The district court in this case clearly had subject matter jurisdiction. Zavala does not appear to contend otherwise. Rather, Zavala's argument is based on an alleged lack of jurisdiction in his underlying criminal case. The Idaho Supreme Court rejected a similar argument in *Brown v. State*, 159 Idaho 496, 363 P.3d 337 (2015). In *Brown*, a petitioner seeking post-conviction relief appealed the dismissal of his petition, arguing for the first time on appeal that the trial court in the underlying criminal case exceeded its subject matter jurisdiction. The Court held that, because a criminal case is separate from a post-conviction case, the petitioner could not challenge the jurisdiction in the criminal case for the first time on appeal in the post-conviction case. *Id.* at 498, 363 P.3d at 339. Because the petitioner did not challenge the judgment in the post-conviction case, the Court affirmed the judgment. *Id.*

*Brown* is dispositive of Zavala's jurisdictional argument. Although Zavala challenges the dismissal of his post-conviction petition on other grounds in addition to his subject matter jurisdiction claim, his subject matter jurisdiction argument does not present a valid challenge to the judgment *in this case*. Therefore, Zavala's subject matter jurisdiction claim cannot provide a basis to overturn the district court's judgment dismissing his post-conviction petition.[3]

**B.     Summary Dismissal**

Claims in a post-conviction petition may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009).

**1.     Prosecutorial misconduct**

Zavala argues that the district court erred in summarily dismissing his prosecutorial misconduct claim based on Zavala's failure to raise the claim on direct appeal as required by

---

[3]     Zavala's subject matter jurisdiction claim also fails on the merits. Under Idaho law, a trial court retains subject matter jurisdiction through the delivery of a jury verdict even if the court erroneously instructs the jury on an included offense. *See State v. McIntosh*, 160 Idaho 1, 7, 368 P.3d 621, 627 (2016); *State v. Herrera*, 149 Idaho 216, 221-22, 233 P.3d 147, 152-53 (Ct. App. 2009).

4

I.C. § 19-4901(b). Zavala contends that an unpreserved prosecutorial misconduct claim "that does not meet the fundamental error test" cannot be raised on direct appeal. The State contends that Zavala's arguments regarding the dismissal of his prosecutorial misconduct claim should not be considered because they are being raised for the first time on appeal. Alternatively, the State contends that the district court correctly dismissed this claim because Zavala failed to support it with admissible evidence and his argument that unobjected-to prosecutorial misconduct should never be barred under I.C. § 19-4901(b) otherwise fails on the merits. We affirm the district court's summary dismissal of Zavala's prosecutorial misconduct claim on the unchallenged basis that Zavala failed to support the claim with admissible evidence.

In his petition, Zavala alleged that the "prosecutor used false testimony that he/she knew or had reason to believe was false." In its notice of intent to dismiss, the district court characterized the substance of this claim as alleging "that the prosecutor knew the victim was lying, and that the introduction of a knife at trial amounted to false evidence." The district court indicated its intent to dismiss this claim on two grounds. First, the district court stated that the claim could have been raised on direct appeal and Zavala failed to present any evidence explaining why he failed to do so. Second, the district court stated that Zavala failed to support his claim with admissible evidence. In his response to the district court's notice, Zavala asserted that the district court failed to address the allegation in his affidavit that the prosecutor committed misconduct by failing to "present testimony from the second, alleged victim" who would have provided a "conflicting account" of events. As to the district court's notice regarding raising the claim on direct appeal, Zavala responded that his appellate attorney "authored a letter indicating he would not raise any issue on appeal other than the propriety of [Zavala's] sentence." Zavala indicated he requested a copy of that letter from appellate counsel but had not received it. The district court subsequently issued an order dismissing Zavala's prosecutorial misconduct claim. In that order, the district court reiterated dismissal was appropriate because the claim could have been raised on direct appeal. The district court also noted that Zavala failed to provide any evidence that his "prosecutorial misconduct claim raises a substantial doubt about the reliability of the finding of guilt."

On appeal, Zavala only challenges whether his prosecutorial misconduct claim should have been dismissed pursuant to I.C. § 19-4901(b). However, the district court also notified

Zavala that his prosecutorial misconduct claim was subject to summary dismissal because he failed to support the claim with admissible evidence. Because Zavala does not challenge this basis for dismissal, he has failed to show the district court erred in this regard. *See Brown v. Greenheart*, 157 Idaho 156, 165, 335 P.3d 1, 10 (2014).

### 2. Ineffective assistance of counsel--aggravated battery instruction

Zavala argues that the district court erred in summarily dismissing his claim that trial counsel was ineffective for failing to object to the aggravated battery instruction on the basis that it was not an included offense of attempted first degree murder. The State contends that the district court correctly dismissed Zavala's ineffective assistance claim because he failed to support it with admissible evidence. We hold that summary dismissal of this claim was appropriate because Zavala did not allege a genuine issue of material fact that counsel was ineffective for failing to object to the aggravated battery instruction.

In *Schoger v. State*, 148 Idaho 622, 624, 226 P.3d 1269, 1271 (2010), the Idaho Supreme Court articulated the standard for summary dismissal of an ineffective assistance of counsel claim as follows:

> For an application for post-conviction relief based on a claim of ineffective assistance of counsel to survive summary dismissal, the petitioner must establish that: (1) a material issue of fact exists as to whether counsel's performance was deficient; and (2) a material issue of fact exists as to whether the deficiency prejudiced the claimant's case.

To establish deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish prejudice, the petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.*

In his petition, Zavala alleged that trial counsel was ineffective for failing to object to the aggravated battery jury instruction because aggravated battery was not a proper included offense to attempted first degree murder. The district court notified Zavala of its intent to dismiss this claim, stating: (1) the jury was properly instructed because "the criminal information plainly alleges facts that meet the elements of aggravated battery" and (2) "a jury determined those facts

6

had been proven." The district court therefore concluded there was no basis to find trial counsel's representation was deficient or that Zavala was prejudiced as a result of counsel's failure to object to the aggravated battery instruction. The district court subsequently dismissed the claim for the reasons stated in its notice. Although aggravated battery was not an included offense of attempted first degree murder as pled in the information, Zavala nevertheless failed to allege a genuine issue of material fact that counsel was ineffective for failing to object to the aggravated battery instruction.

There are two ways in which a criminal charge can be deemed an included offense of another criminal charge. The first is the statutory theory and the second is the pleading theory. Neither party contends that the statutory theory applies. Rather, both parties argue the applicability of the pleading theory. The pleading theory provides that an included offense is one that is necessarily proven if the facts alleged in the charging document are established. *State v. McIntosh*, 160 Idaho 1, 5, 368 P.3d 621, 625 (2016). The information in Zavala's criminal case alleged, in relevant part, that Zavala "willfully, unlawfully, deliberately, with premeditation, and with malice aforethought, attempt[ed] to kill and murder a human being" by "attempting to run [the victim] over with an automobile and/or by attempting to stab or slice him with a knife." The pertinent elements for attempted first degree murder required the jury to find that Zavala attempted to commit first degree murder by "one or more of the manners alleged in the information." The aggravated battery charge the jury was instructed to consider as an included offense read, in part:

> If you find that the state has failed to prove beyond a reasonable doubt that [Zavala] committed Attempted First Degree Murder, then you shall consider whether the state has proved beyond a reasonable doubt the included offence of Aggravated battery.
> In order for [Zavala] to be convicted of Aggravated Battery the state must prove each of the following facts beyond a reasonable doubt:
> . . . .
> 4.      [Zavala] committed an act of battery on the victim;
> 5.      As a result of the battery the victim suffered great bodily harm or permanent disfigurement or permanent disability.

For aggravated battery to be an included offense of attempted first degree murder under the pleading theory, the information charging Zavala with attempted first degree murder must have alleged facts that would have necessarily proven he committed aggravated battery as

7

defined by the jury instruction. It did not. The information is devoid of any allegation that Zavala actually battered the victim or that the victim suffered great bodily harm, permanent disfigurement, or permanent disability as a result of any battery. Thus, aggravated battery cannot be considered an included offense of attempted first degree murder as pled in the information. Thus, it was error to summarily dismiss Zavala's claim that trial counsel was ineffective for failing to object to the instruction on this basis.

Nevertheless, the question remains whether Zavala alleged a genuine issue of material fact in support of his claim that counsel was ineffective for failing to object to the aggravated battery instruction. Paragraph nine of the post-conviction petition required Zavala to list his ineffective assistance of counsel claims. In that list, Zavala alleged: "my trial attorney failed to object on the jury instruction. [A]ggravated battery is not a lesser included offense." However, that aggravated battery was not a lesser included offense of attempted first degree murder under the pleading theory does not mean that counsel was deficient for not objecting to the instruction. For example, counsel may not have objected if the evidence was that Zavala stabbed the victim, in which case any variance between the language of the information and the jury instructions would not have been prejudicial. *See State v. Gas*, 161 Idaho 588, 592-93, 388 P.3d 912, 916-17 (Ct. App. 2016) (rejecting variance claim because the defendant had notice of the factual basis of the charge and was not thwarted in his defense). The court minutes considered by the district court are consistent with such a view of the evidence. In conjunction with his motion for judgment of acquittal, trial counsel asked the court to dismiss the attempted first degree murder charge and submit the case to the jury only on aggravated battery with a self-defense instruction. The record, therefore, indicates that trial counsel concluded there was sufficient evidence to submit the charge of aggravated battery to the jury with no indication that Zavala was misled or embarrassed in his defense by submission of such a charge. Zavala failed to allege any facts or submit any evidence that would overcome the presumption that counsel's actions in this regard were not constitutionally deficient or that Zavala was prejudiced as a result. Zavala concedes as much on appeal, but contends the failure of proof could be because the trial transcript was not considered by the district court. Setting aside the requirement that it was Zavala's burden to allege facts in support of his claim in the first instance, his assertion, for the first time on appeal, that the trial transcript *might* contain evidence that would establish a prima facie case that

counsel's performance was deficient is inadequate to show the district court erred in summarily dismissing his claim. *See Roman v. State*, 125 Idaho 644, 647-50, 873 P.2d 898, 901-04 (Ct. App. 1994) (affirming summary dismissal where claims were based on conclusory allegations, unsupported by any fact). Because Zavala did not allege a genuine issue of material fact in relation to his claim that counsel was ineffective for failing to object to the aggravated battery instruction, the district court did not err in summarily dismissing this claim.

## C.     Additional Records and Transcripts

Zavala argues that the district court erred in summarily dismissing his post-conviction petition without first compelling the State to "produce records and transcripts from the underlying criminal proceeding that were material to [his] claims or noticing those transcripts of its own accord." Zavala contends that such was required by I.C. § 19-4906. The State responds that the district court had no obligation to judicially notice or compel the State to file any records from the underlying criminal case absent a motion by Zavala. The State further argues that Zavala invited any error on this point by requesting that the district court evaluate his petition based only upon the evidence he previously submitted. We decline to consider Zavala's complaints about the State's failure to file records with its answer and the district court's failure to sua sponte judicially notice additional records because those complaints are being raised for the first time on appeal.

Idaho Code Section 19-4906(a) provides that, if a post-conviction petition is not accompanied by the record of the challenged proceedings, the State shall file with its answer the record or portions thereof that are material to the questions raised in the petition. Although the State filed an answer, it did not file any portions of the record. Zavala did not object to the State's failure to file records nor did he ask the district court to compel the State to file additional records.

Idaho Code Section 19-4906(b) provides that a court may provide notice of its intent to dismiss a post-conviction petition if it is satisfied, on the basis of the petition, the answer or motion and the record, that the petitioner is not entitled to post-conviction relief and no purpose would be served by any further proceedings. Zavala appears to construe this section as requiring a court to sua sponte take judicial notice of portions of the record relevant to a petitioner's claim prior to summary dismissal. Although nothing in the plain language of the statute requires a

9

district court to do so, the district court in this case took judicial notice of several documents from Zavala's underlying criminal case prior to dismissing his petition. Zavala did not object to the scope of the district court's judicial notice nor ask the district court to take judicial notice of additional documents.

Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Zavala's complaints about the State's and district court's inaction are being raised for the first time on appeal. As such, we decline to consider them.

## IV.

## CONCLUSION

Zavala's claim that the trial court in the underlying criminal case exceeded its subject matter jurisdiction is not properly before the Court. The district court did not err in summarily dismissing Zavala's prosecutorial misconduct claim on the unchallenged basis that he failed to support the claim with admissible evidence. Zavala did not allege a genuine issue of material fact that counsel was ineffective for failing to object to the aggravated battery instruction. We decline to consider Zavala's complaints about the State's failure to file records with its answer and the district court's failure to sua sponte judicially notice additional records because those complaints are being raised for the first time on appeal. Accordingly, the judgment summarily dismissing Zavala's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.