# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49912

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: February 19, 2025 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| JOSEPH WALTER RIBICH, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James Cawthon, District Judge.

Judgment of conviction, <u>affirmed in part</u>, <u>vacate in part,</u> and <u>case remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

Joseph Walter Ribich appeals from his judgment of conviction, which consisted of three counts of lewd conduct with a minor child (Idaho Code § 18-1508), two counts of sexual abuse of a child under the age of sixteen (I.C. § 18-1506), one count of delivery of a controlled substance (I.C. § 37-2732(a)), and the sentencing enhancement for distribution of a controlled substance to a person under eighteen (I.C. § 37-2737). For the reasons set forth below, we affirm in part, vacate in part, and remand for proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Ribich was convicted of seven out of nine charged counts.[1] The district court sentenced Ribich to a term of determinate life on each of the three counts of lewd conduct with a minor child under sixteen (counts I, II and IV) and a term of twenty-five years determinate on each of the two counts of sexual abuse of a child under the age of sixteen (counts V and VI). Count VIII was for delivery of a controlled substance and count IX was a sentencing enhancement for distribution of a controlled substance to a person under the age of eighteen. Both count VIII and count IX resulted in separate five-year determinate terms. The district court ordered each of the above sentences to be served concurrently. Ribich appeals.

# II.

## STANDARD OF REVIEW

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, when a defendant alleges that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear or obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

---

[1] The State also filed an "Information Part II" alleging a sentencing enhancement pursuant to I.C. § 19-2520G, which requires a mandatory minimum sentence on the child sexual abuse counts. Ribich waived his right to a jury trial on the enhancement, after which the district court found Ribich guilty of the allegations in the enhancement.

## ANALYSIS

Ribich argues that the conviction and sentence on one of the counts of sexual abuse of a child under the age of sixteen (count VI) violated his double jeopardy rights under Article 1, Section 13 of the Idaho Constitution. The alleged violation occurred because the indictment did not allege, and the jury was not instructed that, the conduct forming the basis of count VI could not be the same as the conduct forming the basis of the lewd conduct that he was convicted of in counts I, II and IV. Ribich's trial counsel did not object to the court's proposed or final jury instructions. Ribich asks that his conviction and sentence on count VI be vacated. Next, Ribich challenges the sentence for delivery of a controlled substance (count VIII) and the conviction and sentence for distribution of a controlled substance to a person under eighteen (count IX) because, under the plain language of the statute and as found by the jury, count IX did not set forth a separate offense, but was a sentencing enhancement for count VIII. Ribich asks this Court to vacate his conviction and sentence on count IX (this count is a sentencing enhancement that does not allow for a standalone sentence), while maintaining the jury's finding of guilt, and remand this case to the district court for resentencing on count VIII.

### A.    Double Jeopardy

Ribich argues that the district court committed fundamental error by sentencing him for sexual abuse of a child as charged in count VI because the jury could have found him guilty of count VI based on the conduct alleged in counts I, II and IV. Ribich argues this possibility violates his unwaived constitutional right to be free from double jeopardy. Ribich maintains that the error is clear or obvious and affected his substantial rights, requiring this Court to vacate his judgment of conviction and sentence on count VI. The State contends Ribich has failed to show fundamental error. The State argues that count VI was not based on the same facts that were alleged in counts I, II, and IV and therefore Ribich's double jeopardy rights under Article 1 Section 13 of the Idaho Constitution were not violated.

Whether a defendant's prosecution complies with the constitutional protection against being placed twice in jeopardy is a question of law over which we exercise free review. *Williams v. State*, 153 Idaho 380, 385, 283 P.3d 127, 132 (Ct. App. 2012). The Double Jeopardy Clause to the United States Constitution provides that no person shall "be subject for the same offense to be

twice put in jeopardy of life or limb." *Id.* The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *State v. Woods*, 165 Idaho 329, 335, 444 P.3d 901, 907 (Ct. App. 2019).

Ribich seeks relief solely pursuant to the Idaho Constitution. Under the Idaho Constitution, courts apply the pleading theory in determining whether a charge constitutes a lesser included offense. To apply the pleading theory, a court must consider whether the terms of the charging document alleged that both or multiple offenses arose from the same factual circumstances such that one offense was the means by which the other was committed. *Woods*, 165 Idaho at 335, 444 P.3d at 907. Historically, sexual abuse of a child under sixteen years of age could be a lesser included offense of lewd conduct. *See State v. O'Neill*, 118 Idaho 244, 250, 796 P.2d 121, 127 (1990). This was superseded by *State v. Flegel*, 151 Idaho 525, 530, 261 P.3d 519, 524 (2011), in which the Idaho Supreme Court held that sexual abuse of a child under the age of sixteen years (I.C. § 18-1506(1)(b)) was not an included offense of the indictment charging a violation of lewd conduct with a minor child under sixteen (I.C. § 18-1508).

In *Flegel*, the defendant was indicted by a grand jury for the crime of lewd conduct with a child under sixteen years of age. At trial, the district court instructed the jury regarding the crime of lewd conduct and, as an included offense, sexual abuse of a child under sixteen years of age. The lewd conduct charge was based upon the allegation that Flegel touched the child's vagina, and the sexual abuse charge was based upon evidence obtained during an interview of Flegel that he also touched her buttocks. The jury found Flegel not guilty of lewd conduct but could not reach a verdict on the sexual abuse charge. Without resubmitting the matter to a grand jury, the State filed an amended indictment charging Flegel with the crime of sexual abuse. Flegel was tried by a jury and found guilty of sexual abuse. He appealed. *Flegel*, 151 Idaho at 526, 261 P.3d at 520. The Idaho Supreme Court held that, because sexual abuse is not a lesser included offense of lewd conduct, "Flegel could only be validly charged by indictment with that crime if the matter was resubmitted to a grand jury and it returned the amended indictment." *Id.* The State lacked the authority to issue an amended indictment for a crime that was not charged in the original indictment and that was not an included offense of that crime. *Id.*

4

Pursuant to the plain language of I.C. § 18-1506(1)(b) and *Flegel*, "sexual contact" under the sexual abuse of a child statute does not include acts of lewd conduct as described in I.C. § 18-1508. In Ribich's case, the "sexual contact" alleged in count VI could not include any acts that would have amounted to lewd conduct--regardless of the lack of such an express exception in count VI.

The State argues that, using the pleading theory and a layperson's understanding that sexual contact includes acts of lewd conduct despite a statutory mandate to the contrary, Ribich's argument fails. The State allows that, "'as pled' and commonly understood," the sexual contact alleged in count VI "'could have,' without more, been based on any of the three acts of lewd conduct Ribich was convicted of." That Ribich "could have" been convicted of sexual abuse based on one of the lewd acts described in counts I, II, or IV does not allege an actual violation of his state constitutional double jeopardy rights. Throughout Ribich's briefing, he uses statements that, "the jury could have found him guilty on Count [VI] based on the conduct alleged in Counts [I], [II], and [IV]"; "[a]s charged, the conduct forming the basis of this count could have been the same as the conduct forming the basis of the lewd conduct charged in Counts [I], [II] and [IV]"; and "the jury could have found [him] guilty of Count [VI] based on the same conduct that formed the basis of the allegations in Count [I], [II], and [IV]."

Ribich has not provided any authority supporting his argument that the possibility that the jury could have convicted him of sexual abuse in count VI based on one of the lewd acts described in counts I, II, or IV shows his state constitutional double jeopardy rights were violated. Ribich is required to "demonstrate that one or more of [his] unwaived constitutional rights were violated," not that they could have been or might have been violated. *See State v. Perry,* 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). Because Ribich has not argued that his constitutional rights were actually violated, he has failed to meet his burden of demonstrating the first requirement of fundamental error.

Even if Ribich could prove error regarding the first prong of the fundamental error test, he has not shown that the requirements of the second prong have been met. The second prong of the fundamental error test requires the error to be clear or obvious from the record and that the record discloses that the failure to object was clearly not a tactical decision. *Id.* If the record does not contain evidence regarding whether counsel's decision was strategic, the claim is factual in nature

5

and thus more appropriately addressed via a petition for post-conviction relief. *Miller*, 165 Idaho at 119, 443 P.3d at 133. Ribich must do more than make a conclusory assertion that the lack of an objection was not tactical. In determining whether the lack of an objection by trial counsel was tactical, the court begins with the strong presumption that counsel was competent and trial tactics were based on sound legal strategy. *State v. Dunlap*, 155 Idaho 345, 383, 313 P.3d 1, 39 (2013).

Ribich argues that "it is apparent from the procedural history of this case and from defense counsel's arguments at sentencing that defense counsel simply missed the double jeopardy issue, and his failure to raise the issue was not tactical." Ribich argues that the jury instruction for count VI should have had additional language from the code section for sexual abuse of a child or the pattern jury instruction. Specifically, that he caused or had sexual contact with the victim "not amounting to lewd conduct." The State argues that, not "only is it not clear and obvious that Ribich's double jeopardy rights under Article 1, [Section] 13 were violated, it is clear and obvious they were not."[2] We agree that Ribich's double jeopardy rights under Article 1, Section 13 were not violated.

Even assuming the "sexual contact" alleged in count VI "could have" been based on any of the lewd acts alleged in counts I, II or IV, the uncertainty of whether it was precludes the alleged violation being clear or obvious from the record. The victim testified that, on multiple times while riding to job sites in Ribich's truck, Ribich would rub the victim's thighs over the victim's clothing, and later, when the victim was wearing shorts on the way to the sites, Ribich would "move his hand up on [the victim's] bare skin and then like under [the victim's] underwear." Ribich's conviction on count VI "could have" been based on his touching of the victim's thigh. Therefore, it cannot be clear or obvious that count VI was based on any act of lewd conduct.

Next, the jury was informed that count VI alleged acts that did not amount to lewd conduct. At trial, the State's closing argument made it clear that count VI was not based on any act that would constitute lewd conduct, stating:

> For Count VI, [Ribich] did cause or had sexual contact with [the victim]. Sexual contact is defined as any physical contact between the child and any person which is caused by the actor or the actor causing the child to have sexual contact.

---

[2]     The State cites to the second prong of the fundamental error test as requiring that the error be "clear and obvious." The test requires only that the error be clear *or* obvious.

How do we know that happened? [The victim] described to you that it happened in [Ribich's] truck, that the touching started by rubbing [the victim's] thigh in [Ribich's] truck.

[The victim] also described to you that there were tight hugs, that he would-- that [Ribich] would wrap [the victim's] leg around him. And you heard [Ribich's] own words admit that there were hugs here and there. And that was on State's Exhibit 7.

He also stated when [the victim] asked him about touching his thigh, it's okay, I won't be too friendly. He doesn't deny it. He just says I won't be too friendly if you come back to work for me. So the State has proved the conduct element on Count VI.

Additionally, jury instruction No. 11 informed the jury that each of the counts of the indictment were based on separate and distinct offenses, stating:

Each count charges a separate and distinct offense. You must decide each count separately on the evidence, and the law that applies to it, uninfluenced by your decision as to any other count. [Ribich] may be found guilty or not guilty on any or all of the offenses charged.

The jury is presumed to follow the district court's instructions. *State v. Moses*, 156 Idaho 855, 871, 332 P.3d 767, 783 (2014). Therefore, the jury was required to treat counts I, II, and IV as separate and distinct offenses not only from each other but also from count VI. Ribich has failed to show that, based on those factors, his conviction on count VI could have been based on any of the acts of lewd conduct alleged in counts I, II, or IV.

Ribich also cannot show that defense counsel's decision not to object to Ribich being charged or sentenced on count VI was not tactical. Ribich's counsel and the jury were variously informed through the grand jury transcript,[3] the State's closing argument, and jury instruction 11 that the sexual contact alleged in count VI was based on the rubbing, the stroking, and/or the touching of the victim's upper thighs, and giving the victim "tight hugs." As a result, there would have been no tactical purpose to object to the way count VI was pled because it did not invoke any acts constituting lewd conduct, nor did it place Ribich at risk of being subjected to double jeopardy under Article 1, Section 13 of the Idaho Constitution.

---

[3]     During the grand jury proceedings, the State explained the conduct that became count VI. Count VI charged Ribich for "rubbing and stroking [the victim's] legs and/or upper thighs." Ribich's trial counsel requested and received a copy of the grand jury transcript.

Even if Ribich had established that the alleged error was clear or obvious, without the need for any additional information, he must demonstrate that the error affected his substantial rights, which means the error identified in the first and second prongs actually affected the outcome of the trial. Ribich has not met that threshold. As discussed above, the victim testified that, on multiple times while riding to job sites in Ribich's truck, Ribich would rub the victim's thighs over the victim's clothing, and later, when the victim was wearing shorts on the way to the sites, Ribich would move his hand under the victim's underwear. Ribich's conviction on count VI "could have" been based on his touching of the victim's thigh or moving his hand under the victim's underwear. Therefore, it cannot be clear or obvious that count VI was based on any act of lewd conduct.

**B.** **Ribich Has Established Fundamental Error in Relation to His Sentences on Counts VIII and IX**

Ribich asserts that his sentence for both the delivery of a controlled substance (count VIII) and the distribution of a controlled substance to a person under eighteen (count IX) is error because "it is clear from the plain language of the statute and the jury's verdict that Count [IX] was not a separate offense, but merely a sentencing enhancement for Count [VIII]." Ribich argues his conviction and sentence on count IX (while maintaining the jury's finding of guilt) should be vacated because the error is clear or obvious and affected his substantial rights such that his case should be remanded to the district court for resentencing on count VIII.

Because Ribich did not object to his sentences on counts VIII and IX, we review his claim for fundamental error. *See State v. Miller*, 172 Idaho 381, 384, 533 P.3d 290, 293 (2023); *Miller*, 165 Idaho at 119, 443 P.3d at 133. On appeal, the State concedes error in entering separate convictions and sentences for delivery of a controlled substance (count VIII) and distribution of a controlled substance to a person under eighteen (count IX) because the latter did not set forth a separate offense. In explaining its concession, the State writes:

> The state agrees that Count IX did not describe a separate substantive offense. Rather, it was an allegation, based on I.C. § 37-2737, that Ribich's sentence on Count VIII should be enhanced because the delivery of the controlled substance in Count VIII was to a person under eighteen years of age.
> Count VIII charged Ribich with the substantive crime of delivery of a controlled substance pursuant to I.C. § 37-2732(a). However, Count IX did not allege a substantive offense against Ribich; it stated:
>> That the Defendant, JOSEPH WALTER RIBICH, between June 2018 and February 2019, in the County of Ada, State of Idaho, did distribute a

8

controlled substance, to wit Marijuana, a Schedule I non-narcotic controlled substance and/or Xanax and/or Alprazolam a Schedule IV controlled substance, to a person under the age of eighteen years of age, to wit: thirteen (13) - fourteen (14), while the Defendant was three years or older, to wit: fifty-four (54) or fifty-five (55) years old.

(Footnote omitted).

The State continues that, although count IX did not expressly state that it was a sentencing enhancement pertaining to count VIII, it is clear that it was. This was based, in part, on the indictment, which indicates that count IX is based solely on I.C. § 37-2737. That statute reads:

Any person eighteen (18) years of age or over who violates section 37-2732(a), Idaho Code, by distributing any nonnarcotic drug classified in schedule I, or any controlled substance classified in schedule III, IV, V, or VI, to a person under eighteen (18) years of age who is at least three (3) years his junior is punishable by the fine authorized by section 37-2732(a)(1)(B), (C) or (D), Idaho Code, by a term of imprisonment of up to twice that authorized by section 37-2732(a)(1)(B), (C) or (D), Idaho Code, or by both.

I.C. § 37-2737. Because count IX was solely the sentencing enhancement applicable to I.C. § 37-2737, it included the enhancement's age requirements. That statute's provision for an increased sentence of "imprisonment of up to twice that authorized by section 37-2732(a)" is predicated on there being a separate violation of I.C. § 37-2732(a). In Ribich's case, that separate conviction for delivery of a controlled substance could only be for Ribich's conviction on count VIII. Therefore, count IX was an enhanced penalty allegation for count VIII. This Court agrees that the district court erred in sentencing Ribich on count IX.

In addition to the agreement over fundamental error, the State also agrees with Ribich's request that the case be remanded to the district court "for resentencing on Count VIII, with Count IX as a sentencing enhancement." This Court agrees. We note that our decision only remands the matter for further proceedings on the sentencing enhancement as applied to count VIII. The jury has already reached a guilty verdict on count VIII and the district court found Ribich guilty of the sentencing enhancement. Our decision does not vacate the verdict, it simply directs the district court to resentence Ribich on count VIII and that such sentence should include the sentencing enhancement of I.C. § 37-2737 (which has been found true beyond a reasonable doubt) and not as a separate count.

## IV.

## CONCLUSION

Ribich has failed to meet his burden of showing a double jeopardy violation. Consequently, Ribich's judgment of conviction and sentence for sexual abuse of a child under the age of sixteen is affirmed.

The district court erred by sentencing Ribich for both delivery of a controlled substance and distribution of a controlled substance to a person under eighteen, considering the plain language of I.C. § 37-2737. The case is remanded to the district court for resentencing on count VIII to include the sentencing enhancement set forth in count IX.

Judge HUSKEY and Judge LORELLO, **CONCUR**.